IRELL & MANELLA LLP
Layn R. Phillips (103854)
Andra Barmash Greene (123931)
Julie Davis (232488)
840 Newport Center Drive, Suite 400
Newport Beach, California  92660-6324
Telephone: (949) 760-0991
Facsimile:  (949) 760-5200

Ross H. Hyslop (149358)
McKenna Long & Aldridge LLP
750 B Street, Suite 3300
San Diego, California  92101-8105
Telephone: (619) 595-5461
Facsimile:  (619) 595-5450

Attorneys for Defendant Taco Bell Corp.

FILED

2008 AUG 29  PM 4: 12

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MARINA PUCHALSKI and RAJEEV CHHIBBER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TACO BELL CORP., a California Corporation, and DOES 1-20, inclusive,

Defendants.

Case No. '08 CV 1596 L CAB

Judge

**FILED BY PDF** via FAX

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1332 (CLASS ACTION FAIRNESS ACT JURISDICTION)**

[Declarations of Cynthia A. Nichols and Kara D. McDonald filed concurrently herewith]

PROPOSED CLASS ACTION

On removal from California Superior Court for the County of San Diego

Case No. GIC 870429

ORIGINAL

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1919723

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

2      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and

3  1453, Defendant Taco Bell Corp. ("Taco Bell") hereby gives notice of the removal of this

4  action from the Superior Court of the State of California for the County of San Diego to

5  the United States District Court for the Southern District of California.  Taco Bell states

6  the following grounds for removal:

7  **PROCEDURAL BACKGROUND**

8      1.    On or about August 7, 2006, Plaintiff Marina Puchalski ("Puchalski"),

9  "individually and on behalf of all others similarly situated," filed a complaint against Taco

10  Bell Corp. in the Superior Court of the State of California for the County of San Diego (the

11  "Complaint").[1]  The Complaint stated three causes of action:  (1) violation of California

12  Labor Code for failure to pay overtime wages; (2) violation of California Labor Code

13  § 226.7; and (3) violation of Business and Professions Code §§ 17200 and 17203.  By the

14  Complaint, which was filed as a putative class action, Puchalski purported to seek relief on

15  behalf of the following classes:

16      CLASS 1:  All persons <u>residing in the State of California</u> as of the time of filing

17      this Complaint who, at any time from August 7, 2002, up until the date of entry of

18      judgment after trial, are or were employed at any of the defendant's corporately

19      owned fast food outlets in California as a salaried Restaurant Manager who claim

20      that they were misclassified, and seek to recover overtime pay;

21      CLASS 2:  All persons <u>residing in the State of California</u> as of the time of filing

22      this Complaint who, at any time from August 7, 2002, up until the date of entry of

23      judgment after trial, are or were employed at any of the defendant's corporately

24      owned fast food outlets in California as a salaried Restaurant Manager who claim

25      that they did not receive an uninterrupted, off-duty thirty (30) minute meal period,

26      for each day in which they worked in excess of five (5) hours.

27

28      [1] The Complaint also named as defendants Does 1 through 10.

- 1 -

1919723

1    Complaint at ¶ 1 (emphasis added).  Puchalski further pled that the proposed class was

2    "limited to <u>California citizens only</u>."  <u>Id.</u> at ¶ 8(b) (emphasis added).  A true and correct

3    copy of the Complaint is attached hereto as Exhibit 1.

4         2.     On August 28, 2006, Puchalski, joined by Rajeev Chhibber ("Chhibber"),

5    filed a First Amended Complaint ("FAC") against Taco Bell.[2]  In their FAC, Puchalski and

6    Chhibber (collectively "Plaintiffs") asserted the same claims against Taco Bell as stated in

7    the Complaint.  By the FAC, which was also filed as a putative class action, Plaintiffs

8    purport to seek relief on behalf of the following classes:

9         CLASS 1:  All persons <u>residing in the State of California</u> as of the time of filing

10        this Complaint who, at any time from August 7,2002, up until the date of entry of

11        judgment after trial, are or were employed at any of the defendant's corporately

12        owned fast food outlets in California as a salaried Restaurant Manager who claim

13        that they were misclassified, and seek to recover overtime pay;

14        CLASS 2:  All persons <u>residing in the State of California</u> as of the time of filing

15        this Complaint who, at any time from August 7, 2002, up until the date of entry of

16        judgment after trial, are or were employed at any of the defendant's corporately

17        owned fast food outlets in California as a salaried Restaurant Manager who claim

18        that they did not receive an uninterrupted, off-duty thirty (30) minute meal period,

19        for each day in which they worked in excess of five (5) hours.

20   FAC at ¶ 1 (emphasis added).  As in the Complaint, Plaintiffs further pled that the

21   proposed class was "limited to <u>California citizens only</u>."  <u>Id.</u> at ¶ 8(b) (emphasis added).  A

22   true and correct copy of the FAC is attached hereto as Exhibit 2.

23        3.     On August 1, 2008, Plaintiffs filed a Motion for Class Certification.  By their

24   motion, for the first time in this action, Plaintiffs seek to certify a class that is different

25   than the classes defined by the FAC.  Specifically, Plaintiffs removed the language

26   limiting the prospective class to individuals who were residents of California as of the

27

28   _____
     [2] The FAC also named as defendants Does 1-20.

1   filing date of the complaint and who were citizens of California.  Instead, Plaintiffs now

2   seek to certify the following class and subclasses:

3        Class:  All persons employed by Taco Bell Corp. in California as salaried restaurant

4   employees at any time between August 2, 2002 and the date Taco Bell reclassified them as

5   non-exempt employees.

6        Subclasses:

7   A.    All persons employed by Taco Bell Corp. in California as salaried Restaurant

8          General Managers (RGMs) at any time between August 2, 2002 and the date

9          Taco Bell reclassified them as non-exempt employees.

10  B.    All persons employed by Taco Bell Corp. in California as salaried Market

11         Training Managers (MTMs) at any time between August 2, 2002 and the

12         date Taco Bell reclassified them as non-exempt.

13  Plaintiffs Notice of Motion and Motion for Class Certification at p. 1.  A true and correct

14  copy of Plaintiffs Notice of Motion and Motion for Class Certification is attached hereto as

15  Exhibit 16.

16      4.    On August 22, 2008, Plaintiffs confirmed that they were seeking to certify a

17  different class than the class defined in the FAC and that the class they were now seeking

18  to certify was not limited to residents and citizens of the State of California.  (Declaration

19  of Kara D. McDonald in Support of Removal ("McDonald Decl.") ¶ 2 & Ex. 1.)

20      5.    On August 26, 2008, Taco Bell conducted the deposition of putative class

21  member Jacob Dittburner, who submitted a declaration in support of Plaintiffs' Motion for

22  Class Certification.  As set forth below, the testimony of Mr. Dittburner at deposition

23  establishes that he is a citizen of the State of Wisconsin. See infra at ¶ 13(b)(1).

24                 **TIMELINESS OF REMOVAL**

25      6.    Pursuant to 28 U.S.C. section 1446, "[i]f the case stated by the initial

26  pleading is not removable, a notice of removal may be filed within thirty days after receipt

27  by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

28

1    order or other paper from which it may first be ascertained that the case is one which is or

2    has become removable." Id. at § 1446(b).[3]

3        7.    The case stated by the Complaint or FAC was not removable.  "[N]otice of

4    removability under § 1446(b) is determined through examination of the four corners of the

5    applicable pleadings, not through subjective knowledge or duty to make further inquiry."

6    Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  As set forth

7    above, the case stated by the Complaint and FAC was not removable because Plaintiffs

8    sought relief on behalf of a class that consisted only of California citizens.  Accordingly,

9    the action was not removable under section 1446(b) because, among other reasons, neither

10   the Complaint nor the FAC demonstrated the minimal diversity required for federal

11   jurisdiction under 28 U.S.C. section 1332(d).

12       8.    On August 1, 2008, Plaintiffs filed a Motion for Class Certification.  The

13   class Plaintiffs seek to certify through their motion is different that the putative class

14   defined in the FAC and is not limited to California citizens.

15       9.    On August 26, 2008, Taco Bell conducted a deposition of a putative class

16   member Jacob Dittburner and discovered that his citizenship was diverse from the

17   citizenship of Taco Bell.

18       10.   Pursuant to 28 U.S.C. section 1446(b), the filing of this Notice of Removal is

19   timely, as it is filed within 30 days of the deposition of Jacob Dittburner, which was the

20   first time that Taco Bell could ascertain that the action had become removable.

21       **DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT**

22       11.   **Basis of Original Jurisdiction.**  The Court has original jurisdiction over this

23   action pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)).

24       12.   **Number of Putative Class Members.**  As evidenced by their Motion for

25   Class Certification, Plaintiffs purport to bring this action on behalf of "[a]ll persons

26   _____

27   [3] Although section 1446(b) states that "a case may not be removed on the basis of
     jurisdiction conferred by section 1332 of this title more than 1 year after the
28   commencement of the action," that limitation is not applicable to cases removed under
     section 1332(d).  28 U.S.C. § 1453(b).

1  employed by Taco Bell Corp. in California as salaried restaurant employees at any time

2  between August 2, 2002 and the date Taco Bell reclassified them as non-exempt

3  employees.  Based on a review of Taco Bell's business records, the putative class as

4  defined by the FAC included approximately 398 persons.  (Declaration of Cynthia A.

5  Nichols in Support of Removal ("Nichols Decl.") ¶ 4.)  Because the class Plaintiffs now

6  seek to certify includes persons that are not California residents or citizens, it is broader

7  than the class defined by the FAC and will include more than 398 members.

8        13.    **Diversity of the Parties.**  The diversity requirement of 28 U.S.C.

9  section 1332(d) is met in this action because the citizenship of at least one class member is

10  diverse from the citizenship of at least one defendant.  Id. at (d)(2)(A).  Pursuant to 28

11  U.S.C. section 1332(d)(7), the citizenship of members of the proposed class "shall be

12  determined…as of the date of filing of the complaint or amended complaint, or if the case

13  as stated by the initial pleading is not subject to Federal jurisdiction as of the date of

14  service by plaintiffs of an amended pleading, motion, or other paper, indicating the

15  existence of federal jurisdiction."  As set forth above, the case stated by the Complaint and

16  FAC was not subject to Federal jurisdiction.  Accordingly, the citizenship of the proposed

17  class members is determined as of August 26, 2008, the date of the deposition of Jacob

18  Dittburner, at which Taco Bell was first able to ascertain the existence of Federal

19  Jurisdiction.

20        a.    Citizenship of Defendants.  Pursuant to 28 U.S.C. section 1332(c), "a

21        corporation shall be deemed to be a citizen of any State by which it has been

22        incorporated and of the State where it has its principal place of business."  Taco

23        Bell Corp. is a California Corporation with its principal place of business in

24        California.[4]

25

26        _____

27        [4] Pursuant to 28 U.S.C. section 1453(b) Taco Bell may remove this action
      notwithstanding the fact that Taco Bell is a citizen of the State of California.  See also

28      Schwarzer, et al., California Practice Guide:  Federal Civil Procedure Before Trial
      § 2:846.30 (The Rutter Group 2008).

b.     Citizenship of Proposed Class Members.  For diversity purposes, the citizenship of a natural person is determined by his or her state of domicile.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  <u>Id.</u>

1.     Taco Bell alleges that, as of August 1, 2008, proposed class member Jacob Dittburner was a citizen of the State of Wisconsin.  At his August 26, 2008 deposition, Mr. Dittburner testified that Taco Bell Corp. employed him in California as a salaried Restaurant General Manager during the time period stated in Plaintiffs' Motion for Class Certification.  McDonald Decl. ¶ 3 & Ex. 2 at p. 11, 13 & 16-17.  Mr. Dittburner further testified that he resides in West Bend, Wisconsin, maintains employment in Sheboygan, Wisconsin, and has a driver's license issued by the State of Wisconsin.  <u>Id.</u> at p. 8 & 10-11

2.     Taco Bell alleges that, as of August 1, 2008, proposed class member Ken Orr was a citizen of the State of Wisconsin.  At his August 27, 2008 deposition,  Mr. Orr testified that Taco Bell Corp. employed him in California as a salaried Restaurant General Manager during the time period stated in Plaintiffs' Motion for Class Certification.  McDonald Decl. ¶ 4 & Ex. 3 at p. 21-22. Mr. Orr further testified that he had lived in Wisconsin for one month and that he maintains employment in Wisconsin.[5]  <u>Id.</u> at p. 28-29.

3.     Taco Bell alleges that, as of August 1, 2008, proposed class member Victoria A. Furtado was a citizen of the State of Florida.  Taco Bell Corp. employed Ms. Furtado in California as a salaried Restaurant

---

[5] Mr. Orr testified also testified that he had relocated from California to Kentucky in July 2006, and that while residing in Kentucky, he maintained employment in Kentucky, had a driver's license issued by the State of Kentucky, and owned a motor vehicle registered in the State of Kentucky.  McDonald Decl. ¶ 4 & Ex. 3 at p. 24-28.

1    General Manager during the time period stated in Plaintiffs' Motion

2    for Class Certification.  McDonald Decl. ¶ 5 & Ex. 4 ¶¶ 3-4.  Since

3    July 2006, Ms. Furtado has been a citizen of Florida.  Id. ¶¶ 2-9.

4    Ms. Furtado resides in Bushnell, Florida (where she and her husband

5    own a home), has a driver's license issued by the State of Florida, and

6    own a vehicle registered in the State of Florida.  Id.

7        4.    Taco Bell alleges that, as of August 1, 2008, proposed class member

8    Tammy K. Hughes was a citizen of the State of Oregon.  Taco Bell

9    Corp. employed Ms. Hughes in California as a salaried Restaurant

10   General Manager during the time period stated in Plaintiffs' Motion

11   for Class Certification.  McDonald Decl. ¶ 6 & Ex. 5 ¶¶ 3-4.  Since

12   October 2005, Ms. Hughes has been a citizen of Oregon.  Id. ¶¶ 2-8.

13   Ms. Hughes resides in Sunnyvale, Oregon (where she and her

14   husband own a home), has a driver's license issued by the State of

15   Oregon, and owns a vehicle registered in the State of Oregon.  Id.

16       c.    Because the citizenship of putative class members Ken Orr

17   (Wisconsin),  Jacob Dittburner (Wisconsin), Victoria Furtado (Florida) and Tammy

18   Hughes (Oregon) is diverse from the  citizenship of Taco Bell Corp. (California),

19   the minimal diversity requirement of 28 U.S.C. § 1332(d) is more than satisfied.

20   14.    **Amount in Controversy.**  Based on the allegations in the FAC, the alleged

21   amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000).

22       a.    Plaintiffs allege that "[s]alaried Restaurant Managers averaged 50 or

23   more hours or more [sic] per week...."  (FAC ¶ 41.)  Plaintiffs further allege that,

24   pursuant to California Labor Code section 510, they are entitled to be compensated

25   at the rate of no less than one and one-half time the regular rate of pay for "any

26   work in excess of 40 hours in any one workweek."  (FAC ¶ 35).

27       b.    Based on a review of Taco Bell's business records, employees in the

28   putative class, as defined in the FAC, worked an average of approximately 107

- 7 -

weeks during the applicable four-year period (the "class period"), and received an average hourly salary of approximately $21.00 at the midpoint of the class period. (Nichols Decl. ¶¶ 5-6.)

      c.     Thus, according to Plaintiffs' allegations, the putative class members are allegedly entitled to be compensated at an average rate of approximately $31.50 (one and one-half the average regular rate of $21.00) for a minimum of 10 hours of work in excess of 40 hours per workweek they allegedly worked--a total of approximately $315.00 per workweek (10 (alleged hours overtime per workweek) x $31.50 (alleged overtime rate)).  As noted above, the putative class members worked on average approximately 107 weeks during the class period, and, under Plaintiffs' allegations, would thus allegedly be entitled to overtime compensation averaging approximately $33,705 ($315.00 (alleged overtime per workweek) x 107 (average number of weeks worked during class period).  With a putative class that, based on the definition in Plaintiffs' Motion for Class Certification, will exceed 398 members, the total amount in controversy exceeds $13 million (398 (class members) X $33,705 (total alleged overtime for class period per class member)).[6]

      d.     Accordingly, based on Plaintiffs' allegations, the amount in controversy far exceeds the five million dollar threshold.

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

    15.     Taco Bell hereby provides this Court with copies of all process, pleadings, and orders received by Taco Bell in this action (attached hereto as Exhibits 1-15 & 23-25), as required by 28 U.S.C. § 1446(a).

    16.     Taco Bell has not received any pleadings, process, or orders besides those which have been attached hereto as Exhibits 1-15 & 23-25.

---

[6] As set forth in the Declaration of Cynthia Nichols, the calculations herein are based on information concerning the putative class members under the class definition set forth in the FAC.  Because the class Plaintiffs now seek to certify is broader than the class defined by the FAC, the amount in controversy, based on Plaintiffs' allegations will be greater than the amount identified here.

17.     For the convenience of the Court, Taco Bell also provides the papers filed in connection with Plaintiffs' Motion for Class Certification (attached hereto as Exhibits 16-22).

18.     Pursuant to Federal Rule of Civil Procedure 7.1 and Southern District of California Civ. LR 40.2, Taco Bell concurrently files Defendant's Notice of Party with Financial Interest.

19.     Promptly after the filing of this Notice of Removal, Taco Bell will give written notice of the filing to Plaintiffs as required by 28 U.S.C. § 1446(d).

20.     A copy of this Notice will also be filed with the clerk of the Superior Court of the State of California, County of Fresno as required by 28 U.S.C. § 1446(d).

WHEREFORE, Taco Bell prays that the above action now pending against them in the Superior Court of the State of California, County of San Diego, be removed to this Court.  This Notice of Removal is made in accordance with the provisions of Rule 11 of the Federal Rules of Civil Procedure.

Dated:  August 29, 2008                    IRELL & MANELLA LLP


                                            By: _Andra Barmash Greene_
                                                Andra Barmash Greene
                                                Attorneys for Taco Bell Corp.

## TABLE OF CONTENTS TO EXHIBITS

| Exhibit | Description | Page No. |
|---------|-------------|----------|
| 1 | Class Action Complaint, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed August 7, 2006. | 10-25 |
| 2 | Plaintiffs' First Amended Class Action Complaint, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed August 28, 2006. | 26-42 |
| 3 | First Amended Summons to Taco Bell Corp. by Plaintiffs Marina Puchalski and Rajeev Chhibber, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed August 28, 2006. | 43 |
| 4 | Defendant Taco Bell Corp.'s Answer to First Amended Class Action Complaint, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed October 30, 2006. | 44-56 |
| 5 | Stipulation and Protective Order Regarding Confidential Information, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed February 21, 2007. | 57-66 |
| 6 | Minute Order setting dates for certification motion and pre-certification discovery, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed March 23, 2007. | 67-69 |
| 7 | Stipulation and Order re: Production of the Names, Addresses and Telephone Numbers of Putative Class Members, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed April 3, 2007. | 70-82 |
| 8 | Stipulation to Extend the Time for Taco Bell to File its Reply in Support of it Motion for a Protective Order, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed November 7, 2007. | 83-86 |

| Exhibit | Description | Page No. |
|---------|-------------|----------|
| 9 | Minute Order on discovery motions, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated November 16, 2007. | 87-88 |
| 10 | Order to Show Cause why the court should not appoint a discovery referee, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated November 16, 2007. | 89-90 |
| 11 | Stipulation and Order to Permit Defendant Taco Bell to File Sur-Reply, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, filed January 23, 2008. | 91-95 |
| 12 | Stipulation and Order Appointing the Hon. Richard C. Neal (Ret.) as Discovery Referee, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated January 29, 2008. | 96-101 |
| 13 | Report and Recommendation No. 1 of Discovery Referee, and [Proposed] Order, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated April 10, 2008. | 102-105 |
| 14 | Stipulation and Order Regarding Limited Extension of Class Certification Discovery Cut-off and Class Certification Briefing Schedule, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated May 30, 2008. | 106-110 |
| 15 | Report and Recommendation No. 2 of Discovery Referee, *Corrected Nunc Pro TuncI*; and [Proposed] Order, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated June 5, 2008. | 111-117 |
| 16 | Plaintiffs' Notice of Motion and Motion for Class Certification, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated July 31, 2008. | 118-120 |
| 17 | Plaintiffs' Points & Authorities in Support of Class Certification, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated July 31, 2008. | 121-151 |

| Exhibit | Description | Page No. |
|---------|-------------|----------|
| 18 | Plaintiffs' Compendium of Foreign Authorities, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated July 31, 2008. | 152-201 |
| 19 | Request for Judicial Notice and Attached Exhibits, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated July 31, 2008. | 202-244 |
| 20 | Declaration of Matthew Righetti in Support of Plaintiffs' Motion for Class Certification, San Diego Superior Court Case No. GIC 870429, dated July 31, 2008. | 245-250 |
| 21 | Declaration of Peter Klett, III in Support of Plaintiffs' Motion for Class Certification, San Diego Superior Court Case No. GIC 870429, dated July 31, 2008. | 251-256 |
| 22 | Declaration of Charles A. Jones in Support of Plaintiffs' Motion for Class Certification, San Diego Superior Court Case No. GIC 870429, dated July 31, 2008. | 257-933 |
| 23 | [Tenative] *[sic]* Report and Recommendation No. 5 *[sic]* of Discovery Referee and [Proposed]Order, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated August 9, 2008. | 934-940 |
| 24 | Stipulation and Order re Deadlines for Discovery and Motion for Class Certification, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No. GIC 870429, dated October 12, 2007. | 941-943 |
| 25 | Minute Order setting dates for certification motion and pre-certification discovery, *Puchalski, et al. v. Taco Bell Corp., et al.*, San Diego Superior Court Case No GIC 870429, filed October 12, 2007 | 944-945 |

**EXHIBIT 1**

GE — 320   LJH
CX — 550
       870

1  Kevin J. McInerney, Esq., SBN 46941
   Kelly McInerney, Esq., SBN 200017
2  Charles A. Jones, Esq., SBN 224915
   MCINERNEY & JONES
3  18124 Wedge Parkway #503
   Reno, NV 89511
4  Telephone:    (775) 849-3811
   Facsimile:    (775) 849-3866
5
   Matthew Righetti, Esq., SBN 121012
6  RIGHETTI LAW FIRM
   456 Montgomery Street, Suite 1400
7  San Francisco, CA 94104
   Telephone:    (415) 983-0900
8  Facsimile:    (415) 397-9005

9  Attorneys for Plaintiff

10

11

12                    SUPERIOR COURT OF CALIFORNIA

13                       COUNTY OF SAN DIEGO

14

15

16  MARINA PUCHALSKI, individually and      Case No.: GIC  870429
    on behalf of all others similarly situated,

17                                          
                 Plaintiff,

18                                          CLASS ACTION COMPLAINT FOR:
             v.

19                                          (1)  Violation of California Labor Code for
20  TACO BELL CORP., a California                Failure to Pay Overtime Wages
    Corporation, and DOES 1-20, inclusive,
21                                          (2)  Violation of Labor Code §226.7
                 Defendants.
22                                          (3)  Violation of Business & Professions
                                                 Code  §§17200 and 17203
23

24

25              THIS IS A CLASS ACTION LAWSUIT

26

27

28

CLASS ACTION COMPLAINT                                              PAGE 1

EXHIBIT 1
PAGE 10

1    Plaintiff, individually and on behalf of all others similarly situated, complains and alleges

2    as follows:

3        1.    This is a class action brought on behalf of the following classes:

4    CLASS 1:    All persons residing in the State of California as of the time of filing this

5                 Complaint who, at any time from August 7, 2002, up until the date of entry

6                 of judgment after trial, are or were employed at any of the defendant's

7                 corporately owned fast food outlets in California as a salaried Restaurant

8                 Manager who claim that they were misclassified, and seek to recover

9                 overtime pay;

10   CLASS 2:    All persons residing in the State of California as of the time of filing this

11                Complaint who, at any time from August 7, 2002, up until the date of entry

12                of judgment after trial, are or were employed at any of the defendant's

13                corporately owned fast food outlets in California as a salaried Restaurant

14                Manager who claim that they did not receive an uninterrupted, off-duty

15                thirty (30) minute meal period, for each day in which they worked in

16                excess of five (5) hours.

17   The above classes of employees did not receive overtime compensation or their

18   statutorily mandated meal breaks and are similarly situated under California Code of Civil

19   Procedure §382.   Plaintiff seeks to recover unpaid overtime compensation, missed meal break

20   wages equivalent to one hour's worth of pay for each missed meal period, penalties, interest,

21   attorney's fees and costs for herself and all other present and former employees similarly

22   situated.   To the extent that the improper conduct alleged herein violates California Business and

23   Professions Code §§17200 and 17203, this action is also brought by the plaintiff on behalf of the

24   public.

25

26                                  **I.**

27                    **JURISDICTION AND VENUE**

28       2.    This class action is brought pursuant to §382 of the California Code of Civil

---

**CLASS ACTION COMPLAINT**                PAGE 2

EXHIBIT 1
PAGE 11

1  Procedure.  The monetary damages sought by plaintiff exceed the minimal jurisdictional limits of

2  the Superior Court and will be established according to proof at trial. The monetary damages

3  sought on behalf of each and every member of the class and as aggregate class damages exceed

4  those jurisdictional limits as well.

5

6       3.     Venue is proper in the San Diego County Superior Court because the plaintiff

7  worked for defendant at the Taco Bell outlet on Clairemont Mesa Boulevard in San Diego

8  County and because the defendant owns and operates numerous fast food outlets in San Diego

9  County.  The defendant's liability to the plaintiff arose in San Diego County and many of the

10 wrongful acts complained of occurred in that county.

11

12      4.     To the extent any class member entered into any arbitration agreement with any

13 defendant and such agreement purported to require arbitration of wage or employment disputes,

14 any such agreement is and was void and unenforceable.  Any such agreement was one of

15 adhesion, was executed under duress, lacked consideration and mutuality, and failed to provide

16 that the defendant(s) would pay the costs of any arbitration, and was otherwise void under the

17 California Supreme Court case of <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>.

18

19                    **II.**

20         **<u>NO FEDERAL JURISDICTION EXISTS</u>**

21      5.     The class representative's claim for relief is less than $75,000 exclusive of interest

22 and costs.

23

24      6.     Plaintiff and defendant are both citizens of the State of California.  Defendant's

25 corporate headquarters are located in Irvine, California.

26

27      7.     No federal jurisdiction exists in this case.  This action is brought solely pursuant

28 to California law.   There is no federal question at issue as exempt status and meal period issues

CLASS ACTION COMPLAINT                         PAGE 2

EXHIBIT 1
PAGE 12

1  and remedies relating thereto are based solely on California law and statutes, including the Labor

2  Code and the Business & Professions Code.

3

4      8.    The Class Action Fairness Act of 2005 does not apply to this case

5  because:

6            a.    The claims asserted will be governed solely by the laws of the State of

7                  California and no federal law is at issue;

8            b.    Over two-thirds of the class are citizens of the State of California as of the

9                  time of filing as the class is limited to California citizens only;

10           c.    The defendant is a citizen of the State of California;

11           d.    The claims at issue arise in the State of California because the principal

12                 injuries resulting from defendant's alleged conduct arise from the class

13                 members' employment and defendant's failure to pay wages in the State of

14                 California.

15

16                         **III.**

17                     **PARTIES**

18     9.    The defendant Taco Bell Corp., is a California corporation doing business in the

19 State of California with its corporate headquarters located in Irvine, California.  Throughout the

20 class period, the defendant operated over forty (40) corporately owned fast food outlets

21 throughout the State of California.  Taco Bell's fast food outlets sell tacos, burritos and other fast

22 food items to the California public.

23

24     10.    At all times relevant to this Complaint, the wage and hour and all related

25 employee compensation policies of stores in California are and were dictated by, controlled by,

26 and ratified by defendant.

27

28     11.    The true names and capacities of defendants named herein as DOES 1 through 20

**CLASS ACTION COMPLAINT**                       **PAGE 4**

EXHIBIT 1
PAGE 13

1    inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff who

2    therefore sues such defendants under fictitious names pursuant to California Code of Civil

3    Procedure §474.  Plaintiff is informed and believes, and thereon alleges, that these defendants,

4    DOES 1 through 20, are in some manner or capacity, and to some degree, legally responsible and

5    liable for the wrongs of which plaintiff complains.  Plaintiff will amend her complaint to allege

6    the true names and capacities of these DOE defendants once they are ascertained.  On

7    information and belief, plaintiff makes all allegations contained in this complaint against all

8    defendants, including DOES 1 through 20, inclusive.

9

10          12.      At all times herein mentioned, each defendant was an agent, servant, employee

11   and/or joint venturer of each of the remaining defendants, and was at all times acting within the

12   course and scope of such agency, service, employment, and/or joint venture, and each defendant

13   has ratified, approved, and authorized the acts of each of the remaining defendants with full

14   knowledge of said acts.

15

16          13.      The plaintiff, Marina Puchalski, is a former employee of defendant.  Ms.

17   Puchalski began working at the corporately owned Taco Bell fast food outlet located on

18   Clairemont Mesa Boulevard in San Diego as a salaried Restaurant Manager in approximately

19   August 2002.  During her tenure with Taco Bell, Ms. Puchalski also worked at three other

20   corporately owned Taco Bell fast food outlets located throughout San Diego as a salaried

21   Restaurant Manager.  Ms. Puchalski resigned from her employment with Taco Bell in

22   approximately January 2004.

23

24          14.      The named plaintiff and every other salaried Restaurant Manager

25   employed by defendant at a corporately owned location in California are/ were routinely

26   required to work in excess of eight (8) hours a day and/or forty (40) hours per week without

27   receiving overtime compensation.

28

---

**CLASS ACTION COMPLAINT**                                                                 PAGE 5

EXHIBIT 1
PAGE 14

15. Plaintiff brings this action on her own behalf and on behalf of all other such current and former employees similarly situated, as defined in paragraph 1, as well as on behalf of the California public.

## IV.

## FACTUAL ALLEGATIONS

16. The typical Taco Bell fast food outlet is staffed by a salaried Restaurant Manager and several hourly cooks and cashiers. Some locations are also staffed with an hourly Assistant Manager.

17. Pursuant to defendant's uniform employment policies, salaried Restaurant Managers are and were classified as "exempt" and paid a set salary, irrespective of the hours they actually worked. During the class period, Taco Bell's fast food outlets have generally been open seven (7) days a week. Salaried Restaurant Managers typically work five (5) or six (6) days per week and generally average fifty (50) or more hours per week..

18. Throughout the class period, Taco Bell has discouraged or prohibited managers from paying overtime to hourly employees. As a result, Taco Bell's salaried Restaurant Managers have had to work longer hours in order to meet customer demands. Taco Bell tightly restricts the amount of labor dollars allocated to staff and runs each of its fast food outlets in California through the use of computer generated store budgets. Throughout the class period, salaried Restaurant Managers rarely had time for meal breaks, and lunches were "working lunches" taken on the run.

19. Taco Bell's fast food outlets are true "chain store" operations. For example, all of Taco Bell's California fast food outlets are virtually identical in product, service and operation. The duties of the salaried Restaurant Managers are set forth by uniform written company-wide policies and procedures. The performance of salaried Restaurant Managers in the stores is and

**CLASS ACTION COMPLAINT**                                                      **PAGE 6**

EXHIBIT 1
PAGE 15

1  has been closely monitored by area "coaches" to insure strict compliance with those policies and

2  procedures.  Salaried Restaurant Managers do not and have not exercised independent judgment

3  or discretion and have been disciplined for deviating from the detailed company guidelines of

4  how the fast food outlets are to be operated.

5

6      20.    Salaried Restaurant General Managers working at Taco Bell's fast food outlets in

7  California have spent and consistently spend more than 50% of their working hours performing

8  non-managerial tasks.  The majority of their time has been and is spent working on the line, side

9  by side with hourly employees.  The majority of their time is spent not in supervision or other

10  managerial activity, but rather performing non-managerial activities that include, but are not

11  limited to:

12      a.    greeting and waiting on customers;

13      b.    preparing food;

14      c.    cashiering;

15      d.    cooking food;

16      e.    assembling and wrapping food items for sale to customers;

17      f.    maintaining the premises and performing cleaning work on the premises;

18      g.    unloading deliveries;

19      h.    counting the cash drawer;

20      i.    performing physical inventories;

21      j.    filling in for workers who are out due to illness or vacation; and

22      k.    covering breaks and lunches taken by hourly employees.

23  Salaried Restaurant Managers are also required to perform other non-managerial activities such

24  as opening and closing the fast food outlets and making bank deposits.  As a result, managers

25  have consistently not been primarily engaged in performing exempt work as defined by IWC

26  Wage Orders.

27

28      21.    Labor Code §1174(d) and the IWC Orders (Section 5) provide that every

CLASS ACTION COMPLAINT           PAGE 7

EXHIBIT 1
PAGE 16

1    employer shall keep accurate information with respect to each employee including time records

2    showing when the employee begins and ends each work period.  When an employer fails to keep

3    such time records, employees may establish the hours worked solely by their testimony and the

4    burden of overcoming such testimony shifts to the employer.  <u>Hernandez v. Mendoza</u> (1988) 199

5    Cal.App.3d 721, 245 Cal.Rptr. 36.

6

7         22.     Some evidence generally reflecting the number of overtime hours worked by each

8    employee and the compensation rates for the relevant work periods are in the possession of

9    defendant.  While plaintiff is unable to state at this time the exact amount owing to the class,

10   plaintiff proposes to obtain such information by appropriate and focused discovery proceedings

11   to be taken promptly in this action, and requests that damages or restitution be awarded

12   accordingly to proof thus obtained and presented to the Court.

13                                          **V.**

14                           **CLASS ACTION ALLEGATIONS**

15        23.     Plaintiff brings this action individually and as a class action on behalf of the

16   following classes:

17        CLASS 1:     All persons residing in the state of California as of
18                     the time of filing this Complaint who, at any time
                       from August 7, 2002, up until the date of entry of
19                     judgment after trial, are or were employed at any of
                       the defendant's corporately owned fast food outlets
20                     in California as a salaried Restaurant Manager who
                       claim that they were misclassified, and seek to
21                     recover overtime pay;

22        CLASS 2:     All persons residing in the State of California as of the time of
                       filing this Complaint who, at any time from August 7, 2002, up
23                     until the date of entry of judgment after trial, are or were employed
                       at any of the defendant's corporately owned fast food outlets in
24                     California as a salaried Restaurant Manager who claim that they
                       did not receive an uninterrupted, off-duty thirty (30) minute meal
25                     period, for each day in which they worked in excess of five (5)
                       hours.

26

27        24.     Plaintiff's claims are typical of the claims of the class because plaintiff and all the

28   class members were harmed by defendant's failure to pay overtime and failure to provide meal

---

**CLASS ACTION COMPLAINT**                                              PAGE 8

EXHIBIT 1
PAGE 17

breaks as required by California law.  Defendant's policies with respect to the hours worked are and were uniform throughout California and the stores operated under uniform written procedures.

25.    Plaintiff is a representative party who will fully and adequately protect the interests of the class members.  She has retained counsel who are competent in both class action and employment litigation.  Plaintiff has no interests which are contrary to or in conflict with those of the class she seeks to represent.

26.    The number of class members is believed to exceed one hundred (100) individuals, which makes it impractical to bring all members of the class individually before the Court, and the identities of the members of the class are determinable from the records of the defendant, as are the days worked and the regular rate of pay for each class member.

27.    A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even if any class member could afford individual litigation against a large business like Taco Bell, it would be unduly burdensome to the court system.  Individual litigation magnifies the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and affords the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual class members and judicial consistency.  Notice of the pendency and any resolution of this action can be provided to class members by mail, print, broadcast, internet, and/or multimedia publication.

28.    This type of case is uniquely well-suited for class treatment since the employer's practices were uniform and the burden is on the employer to prove any exemption.

29.    Many issues of law or fact are common and they predominate over any individual

---

**CLASS ACTION COMPLAINT**                                                    **PAGE 9**

EXHIBIT 1
PAGE 18

questions.  These common issues include:

a.   Whether defendant's salaried Restaurant Managers were uniformly classified as exempt, in violation of California Labor Code and applicable IWC wage orders;

b.   Whether defendant failed to pay plaintiff and class members all overtime compensation due to them by virtue of its uniform designation of employees as exempt in violation of California Labor Code and applicable IWC wage orders;

c.   Whether plaintiff and class members were expected to and/or mandated to regularly work overtime;

d.   Whether the purportedly exempt position of salaried Restaurant General Manager realistically required class members to be primarily engaged in non-management work;

e.   Whether the defendant failed to pay plaintiff and class members meal break wages in violation of California Labor Code §226.7;

f.   The correct statute of limitations for plaintiff's and class members' claims;

g.   The correct method of calculating back overtime pay;

h.   Whether defendant's conduct constitutes unfair business practices within the meaning of California Business & Professions Code §§17200 and 17203;

i.   Whether plaintiff and class members are entitled to injunctive relief prohibiting defendants from requiring managers who do not meet the statutory and regulatory guidelines for exemption from working more than eight (8) hours per day or forty (40) hours a week in any work week without pay for overtime wages;

j.   Whether plaintiff and class members are entitled to restitution;

k.   Whether defendant is liable for pre-judgment interest;

l.   Whether defendant is liable for attorney's fees and costs; and

m.   Whether plaintiff and class members are entitled to waiting time penalties.

## VI.

## GENERAL ALLEGATIONS
## AS TO CLASS REPRESENTATIVE

30.   During the class period, plaintiff was employed by defendant as a salaried Restaurant Manager in California and was classified "salaried exempt."  Plaintiff regularly worked more than 8 hours per day and in excess of 40 hours a week without payment of overtime wages.

31.   During her employment by defendant, plaintiff spent over fifty percent (50%) of

CLASS ACTION COMPLAINT                                                    PAGE 10

EXHIBIT 1
PAGE 19

1   her working hours performing the duties of non-exempt employees. These duties included, but

2   were not limited to: greeting and waiting on customers; preparing food; cashiering; cooking

3   food; assembling and wrapping food items for sale to customers; maintaining the premises and

4   performing cleaning work on the premises; unloading deliveries; counting the cash drawer;

5   performing physical inventories; filling in for workers who are out due to illness or vacation;

6   and covering breaks and lunches taken by hourly employees.

7

8       32.   At all times during her employment by Taco Bell, plaintiff spent far less than fifty

9   percent (50%) of her workweek and/or working hours performing work which was primarily

10   intellectual, managerial, creative, or which required the regular and customary exercise of

11   discretion and independent judgment. The majority of her working hours was spent engaged in

12   non-managerial, non-exempt activities.

13

14       33.   Due to chronic understaffing and tight restrictions placed on labor by defendant,

15   plaintiff rarely had time to take an uninterrupted, thirty (30) minute meal period, when working

16   shifts in excess of five (5) hours in duration.

17

18                              **VII.**

19                     **FIRST CAUSE OF ACTION**

20                **FAILURE TO PAY OVERTIME WAGES**

21       **Violation of California Labor Code §§ 203, 218, 510, 1194 and 1198**

22                  **(As Against All Defendants)**

23       34.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

24   though fully set forth in detail herein.

25

26       35.   California Labor Code §510 defines a day's work as 8 hours and states that any

27   work in excess of 8 hours in one workday and any work in excess of 40 hours in any one

28   workweek must be compensated at the rate of no less than one and one-half times the regular rate

CLASS ACTION COMPLAINT                         PAGE 11

EXHIBIT 1
PAGE 20

1  of pay.

2

3      36.     Pursuant to California Labor Code §§ 218 and 1194(a), a plaintiff may bring a

4  civil action for overtime wages directly against the employer without first filing a claim with the

5  Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages,

6  together with interest thereon, penalties, attorney's fees and costs.

7

8      37.     Pursuant to California Labor Code §1198, it is unlawful to employ persons for

9  longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage

10 Orders.  IWC Wage Order No. 5 applies to plaintiff's employment.  It provides for payment of

11 overtime wages equal to one and one-half times an employee's regular rate of pay for all hours

12 worked in excess of 8 hours in a day or 40 hours in a work week or, in certain circumstances, two

13 times an employee's regular rate of pay.

14

15     38.     At all times relevant hereto, Taco Bell treated plaintiff and others similarly

16 situated as "salaried exempt" employees and as "bona fide executives" exempt from the

17 protections of the California Labor Code.

18

19     39.     In California, all employees are presumed to be non-exempt and all exemptions

20 are narrowly construed against the employer.  Ramirez v. Yosemite Water Co., Inc. (1999) 20

21 Cal.4th 785;  Nordquist v. McGraw-Hill Broadcasting Co. (1995) 32 Cal.App.4th 555.

22

23     40.     Taco Bell improperly misclassified its salaried Restaurant Managers as exempt

24 from California's overtime laws.  Taco Bell did so despite the fact that its salaried Restaurant

25 Managers did not meet the exemption criteria because, among other things, those managers were

26 not:

27      a.     Primarily engaged in the management of the enterprise in which they are/were
              employed or of a customarily recognized department or subdivision thereof; and

28

---

**CLASS ACTION COMPLAINT**                                                          PAGE 12

EXHIBIT 1
PAGE 21

b.     Customarily and regularly directing the work of at least two other full-time employees or the equivalent; and

c.     Granted the authority to hire or fire other employees, or to command particularly serious attention to their recommendations on such actions; and

d.     Customarily and regularly exercising discretion and independent judgment in the performance of their duties; and

e.     Spending less than 50 percent (50%) of their worktime "engaged in" non-managerial work.

41.     Plaintiff and other salaried Restaurant Managers are and were expected to work in excess of 8 hours in a day and/or 40 hours in a week. Salaried Restaurant Managers averaged 50 or more hours or more per week to maintain the restaurants in the condition expected by Taco Bell and to maintain the sales expected and demanded by Taco Bell.

42.     As a uniform practice, Taco Bell failed to keep the records of hours worked by its employees as required by California's wage orders. However, records of the rates of pay for plaintiff and the class members are in the possession or within the custody and control of Taco Bell.

43.     Taco Bell owes plaintiff and the class overtime wages according to proof at the time of trial. Plaintiff is informed and believes, and thereon alleges, that Taco Bell knew or should have known that the salaried Restaurant Managers did not qualify as exempt employees and purposely elected not to pay them for their overtime labor. Plaintiff, individually and on behalf of all employees similarly situated, requests recovery of overtime compensation according to proof, penalty wages, interest, attorney's fees and costs pursuant to Labor Code §§203 and 1194(a), as well as the assessment of any other statutory penalties, including waiting time penalties, against Taco Bell in a sum as provided by the Labor Code and/or other statutes.

---

**CLASS ACTION COMPLAINT**                   **PAGE 13**

EXHIBIT 1
PAGE 22

## VIII.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL BREAKS

### Violation of California Labor Code §226.7

44.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

45.     California Labor Code § 226.7 requires an employer to pay an additional hours worth of pay for each period in which an off-duty meal period is not provided.  Pursuant to IWC Wage Order No. 5, employees are entitled to an off-duty meal period of at least thirty (30) minutes in duration during each shift in excess of  five (5) hours in duration.

46.     During the class period, defendant failed to provide the class members with off-duty thirty (30) minute meal periods as required under Wage Order 5 and Labor Code §226.7.

47.     Pursuant to Labor Code §226.7, the class members are entitled to damages in an amount equal to one (1) hour of wages for every missed meal period, including interest, in an amount to be proved at trial.  Pursuant to Labor Code §218.5 plaintiff request that the court award reasonable attorney's fees, penalties, interest and costs incurred in this action.

## IX.

## THIRD CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 and 17203

### (As Against All Defendants)

48.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

49.     Since August 7, 2002, Taco Bell has engaged and continues to engage in unfair and/or unlawful business acts and practices in violation of California Business & Professions

---

**CLASS ACTION COMPLAINT**                                                  **PAGE 14**

EXHIBIT 1
PAGE 23

1   Code §§17200 and 17203. These acts and practices constitute a continuing and ongoing unfair

2   and/or unlawful business activity defined by Business & Professions Code §17200, and justify

3   the issuance of an injunction, restitution, and other equitable relief pursuant to Business &

4   Professions Code §17203.

5

6        50.    Taco Bell has unlawfully designated Restaurant Managers as "exempt" employees

7   to avoid the payment of overtime wages and other benefits in violation of Labor Code §200 et

8   seq., Labor Code §500 et seq., Labor Code §1100 et seq., the California Code of Regulations,

9   and the guidelines set forth by the IWC.

10

11        51.    The conduct of Taco Bell is inimical to the public welfare since it transgresses

12   civil statutes and wage orders of this state designed to protect workers from exploitation.

13

14        52.    Taco Bell's conduct in misclassifying plaintiff and other members of the class and

15   failing to pay overtime and provide meal periods  was unfair within the meaning of §17200

16   because it was against established public policy and has been pursued to attain an unjustified

17   monetary advantage for Taco Bell by creating personal disadvantage and hardship to its

18   employees.  As such, Taco Bell's business practices and acts have been immoral, unethical,

19   oppressive and unscrupulous.

20

21        53.    By and through its unfair and/or unlawful business  practices and acts described

22   herein, Taco Bell has obtained valuable services from plaintiff and all persons similarly situated

23   and has deprived plaintiff and all persons similarly situated of valuable rights and benefits

24   guaranteed by law, all to their detriment.

25

26        54.    Plaintiff, and all persons similarly situated, and all persons in interest, are entitled

27   to and do seek such relief as may be necessary to restore to them the money and property which

28   Taco Bell has acquired, or of which plaintiff and class members have been deprived by means of

**CLASS ACTION COMPLAINT**          **PAGE 15**

EXHIBIT 1
PAGE 24

1  the herein described unfair and/or unlawful business practices.

2

3      55.    Plaintiff, and all persons similarly situated, and all persons in interest, are further

4  entitled to and do seek a declaration that the above described business practices are unfair and

5  unlawful, and injunctive relief restraining Taco Bell from engaging in any of the herein described

6  unfair and/or unlawful business practices at all times in the future.

7

8  Dated: August 7, 2006                  McINERNEY & JONES

9

10                          By:
                                   Charles A. Jones, Esq.

11                                   Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**                           **PAGE 16**

EXHIBIT 1
PAGE 25

COPY

FILED
CIVIL BUSINESS OFFICE 7
CENTRAL DIVISION

2006 AUG 28 P 4: 15

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1    Kevin J. McInerney, Esq., SBN 46941
     Kelly McInerney, Esq., SBN 200017
2    Charles A. Jones, Esq., SBN 224915
     MCINERNEY & JONES
3    18124 Wedge Parkway #503
     Reno, NV 89511
4    Telephone:    (775) 849-3811
     Facsimile:    (775) 849-3866
5          Attorneys for Plaintiff Puchalski

6    Edward J. Wynne, Esq., SBN 165819
     J.E.B. Pickett, Esq., SBN 154294
7    WYNNE LAW FIRM
     100 Drakes Landing Road, Suite 275
8    Greenbrae, CA 94904
     Telephone:    (415) 461-6400
9    Fascimile:    (415) 461-3900
           Attorneys for Plaintiff Chhibber

10

11   Additional counsel appear on next page.

12

13                    SUPERIOR COURT OF CALIFORNIA

14                       COUNTY OF SAN DIEGO

15

16

17   MARINA PUCHALSKI and RAJEEV          Case No.: GIC 870429       BY FAX
     CHHIBBER, individually and on behalf of
18   all others similarly situated,        Judge: William R. Nevitt
                                           Dept:   64
19                    Plaintiffs,

20         v.                              PLAINTIFFS' FIRST AMENDED
                                           CLASS ACTION COMPLAINT FOR:
21
     TACO BELL CORP., a California
22   Corporation, and DOES 1-20, inclusive,   (1)   Violation of California Labor Code for
                                                    Failure to Pay Overtime Wages
23                    Defendants.
                                              (2)   Violation of Labor Code §226.7
24
                                              (3)   Violation of Business & Professions
25                                                  Code §§17200 and 17203

26

27

28              THIS IS A CLASS ACTION LAWSUIT

     PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT                              PAGE 1

EXHIBIT 2
PAGE 26

1    Matthew Righetti, Esq., SBN 121012
     RIGHETTI LAW FIRM
2    456 Montgomery Street, Suite 1400
     San Francisco, CA 94104
3    Telephone:    (415) 983-0900
     Facsimile:     (415) 397-9005
4          Attorneys for Plaintiff Puchalski

5    Peter F. Klett, Esq., Tenn. Bar No. 12688
     Pro Hac Vice upon motion
6    STEWART, ESTES & DONNELL, PLC
     424 Church Street, Suite 1401
7    Nashville, TN 37219
     Telephone:    (615) 244-6538
8    Facsimile:     (615) 256-8386
         Attorneys for Plaintiff Chhibber

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**          **PAGE 2**

EXHIBIT 2
PAGE 27

1    Plaintiffs, individually and on behalf of all others similarly situated, complain and allege

2    as follows:

3        1.    This is a class action brought on behalf of the following classes:

4    CLASS 1:    All persons residing in the State of California as of the time of filing this

5               Complaint who, at any time from August 7, 2002, up until the date of entry

6               of judgment after trial, are or were employed at any of the defendant's

7               corporately owned fast food outlets in California as a salaried Restaurant

8               Manager who claim that they were misclassified, and seek to recover

9               overtime pay;

10   CLASS 2:    All persons residing in the State of California as of the time of filing this

11              Complaint who, at any time from August 7, 2002, up until the date of entry

12              of judgment after trial, are or were employed at any of the defendant's

13              corporately owned fast food outlets in California as a salaried Restaurant

14              Manager who did not receive an uninterrupted, off-duty thirty (30) minute

15              meal period, for each day in which they worked in excess of five (5) hours.

16

17       The above classes of employees did not receive overtime compensation or their

18   statutorily mandated meal breaks and are similarly situated under California Code of Civil

19   Procedure §382.   Plaintiffs seek to recover unpaid overtime compensation, missed meal break

20   wages equivalent to one hour's worth of pay for each missed meal period, penalties, interest,

21   attorney's fees and costs for themselves and all other present and former employees similarly

22   situated.  To the extent that the improper conduct alleged herein violates California Business and

23   Professions Code §§17200 and 17203, this action is also brought by the plaintiffs on behalf of

24   others similarly situated.

25

26                              I.

27                **JURISDICTION AND VENUE**

28       2.    This class action is brought pursuant to §382 of the California Code of Civil

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                          **PAGE 3**

EXHIBIT 2
PAGE 28

1    Procedure.  The monetary damages sought by plaintiffs exceed the minimal jurisdictional limits

2    of the Superior Court and will be established according to proof at trial. The monetary damages

3    sought on behalf of each and every member of the class and as aggregate class damages exceed

4    those jurisdictional limits as well.

5

6        3.    Venue is proper in the San Diego County Superior Court because plaintiff

7    Puchalski worked for defendant at the Taco Bell outlet on Clairemont Mesa Boulevard in San

8    Diego County and because the defendant owns and operates numerous fast food outlets in San

9    Diego County.   The defendant's liability to the plaintiffs arose in San Diego County and many of

10   the wrongful acts complained of occurred in that county.

11

12       4.    To the extent any class member entered into any arbitration agreement with any

13   defendant and such agreement purported to require arbitration of wage or employment disputes,

14   any such agreement is and was void and unenforceable.  Any such agreement was one of

15   adhesion, was executed under duress, lacked consideration and mutuality, and failed to provide

16   that the defendant(s) would pay the costs of any arbitration, and was otherwise void under the

17   California Supreme Court case of <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>.

18

19                                              **II.**

20                        <u>**NO FEDERAL JURISDICTION EXISTS**</u>

21       5.    The class representatives' claims for relief are less than $75,000 exclusive of

22   interest and costs.

23

24       6.    Plaintiffs and defendant are citizens of the State of California.  Defendant's

25   corporate headquarters are located in Irvine, California.

26

27       7.    No federal jurisdiction exists in this case.  This action is brought solely pursuant

28   to California law.   There is no federal question at issue, as exempt status questions and

---

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT                              PAGE 4

EXHIBIT 2
PAGE 29

1  remedies relating thereto are based solely on California law and statutes, including the Labor
2  Code and the Business & Professions Code.

3

4        8.     The Class Action Fairness Act of 2005 does not apply to this case
5  because:

6               a.     The claims asserted will be governed solely by the laws of the State of
7                      California and no federal law is at issue;

8               b.     Over two-thirds of the class are citizens of the State of California as of the
9                      time of filing, as the class is limited to California citizens only;

10              c.     The defendant is a citizen of the State of California;

11              d.     The claims at issue arise in the State of California because the principal
12                     injuries resulting from defendant's alleged conduct arise from the class
13                     members' employment and defendant's failure to pay wages in the State of
14                     California.

15

16                                      **III.**

17                               **PARTIES**

18       9.     The defendant Taco Bell Corp., is a California corporation doing business in the
19 State of California with its corporate headquarters located in Irvine, California.  Throughout the
20 class period, the defendant operated over forty (40) corporately owned fast food outlets
21 throughout the State of California.  Taco Bell's fast food outlets sell tacos, burritos and other fast
22 food items to the California public.

23

24      10.     At all times relevant to this Complaint, the wage and hour and all related
25 employee compensation policies of stores in California are and were dictated by, controlled by,
26 and ratified by defendant.

27

28      11.     The true names and capacities of defendants named herein as DOES 1 through 20

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                     **PAGE 5**

EXHIBIT 2
PAGE 30

1   inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff who

2   therefore sues such defendants under fictitious names pursuant to California Code of Civil

3   Procedure §474. Plaintiffs are informed and believe, and thereon allege, that these defendants,

4   DOES 1 through 20, are in some manner or capacity, and to some degree, legally responsible and

5   liable for the wrongs of which plaintiffs complain. Plaintiffs will amend their Complaint to

6   allege the true names and capacities of these DOE defendants once they are ascertained. On

7   information and belief, plaintiffs make all allegations contained in this complaint against all

8   defendants, including DOES 1 through 20, inclusive.

9

10       12.    At all times herein mentioned, each defendant was an agent, servant, employee

11   and/or joint venturer of each of the remaining defendants, and was at all times acting within the

12   course and scope of such agency, service, employment, and/or joint venture, and each defendant

13   has ratified, approved, and authorized the acts of each of the remaining defendants with full

14   knowledge of said acts.

15

16       13.    Plaintiff Marina Puchalski is a former employee of defendant. Ms.

17   Puchalski began working at the corporately owned Taco Bell fast food outlet located on

18   Clairemont Mesa Boulevard in San Diego as a salaried Restaurant Manager in approximately

19   August 2002. During her tenure with Taco Bell, Ms. Puchalski also worked at three other

20   corporately owned Taco Bell fast food outlets located throughout San Diego as a salaried

21   Restaurant Manager. Ms. Puchalski resigned from her employment with Taco Bell in

22   approximately January 2004.

23

24       14.    The named plaintiffs and every other salaried Restaurant Manager

25   employed by defendant at a corporately owned location in California are/ were routinely

26   required to work in excess of eight (8) hours a day and/or forty (40) hours per week without

27   receiving overtime compensation.

28

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                **PAGE 6**

EXHIBIT 2
PAGE 31

1   15.   Plaintiffs bring this action on their own behalf and on behalf of all other such

2   current and former employees similarly situated, as defined in paragraph 1.

3

4   IV.

5   **FACTUAL ALLEGATIONS**

6   16.   The typical Taco Bell fast food outlet is staffed by a salaried Restaurant

7   Manager and hourly cooks and cashiers.  Some locations were also staffed with an hourly

8   Assistant Manager.

9

10   17.   Pursuant to defendant's uniform employment policies, salaried Restaurant

11   Managers are and were classified as "exempt" and paid a set salary, irrespective of the hours

12   they actually worked.  During the class period, Taco Bell's fast food outlets have generally been

13   open seven (7) days a week.  Salaried Restaurant Managers typically work five (5) or six (6) days

14   per week and generally average fifty (50) or more hours per week.

15

16   18.   Throughout the class period, Taco Bell has discouraged and prohibited managers

17   from paying overtime to hourly employees and, as a result, Taco Bell's salaried Restaurant

18   Managers have had to work longer hours in order to meet customer demands.  Taco Bell tightly

19   restricts the amount of labor dollars allocated to staff and runs each of its fast food outlets in

20   California through the use of computer generated store budgets. Throughout the class period,

21   salaried Restaurant Managers rarely had time for meal breaks, and lunches were "working

22   lunches" taken on the run.

23

24   19.   Taco Bell's fast food outlets are true "chain store" operations.  For example, all of

25   Taco Bell's California fast food outlets are virtually identical in product, service and operation.

26   The duties of the salaried Restaurant Managers are set forth by uniform written company-wide

27   policies and procedures.  The performance of salaried Restaurant Managers in the stores is and

28   has been closely monitored by area "coaches" to insure strict compliance with those policies and

---

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT                    PAGE 7

EXHIBIT 2
PAGE 32

1  procedures.  Salaried Restaurant Managers do not and have not exercised independent judgment

2  or discretion and have been disciplined for deviating from the detailed company guidelines of

3  how the fast food outlets are to be operated.

4

5      20.    Salaried Restaurant Managers working at Taco Bell's fast food outlets in

6  California have spent and consistently spend more than fifty percent (50%) of their working

7  hours performing non-managerial tasks.  The majority of their time has been and is spent

8  working on the line, side by side with hourly employees.  The majority of their time is spent not

9  in supervision or other managerial activity, but rather performing non-managerial activities that

10  include, but are not limited to:

11      a.    greeting and waiting on customers;

12      b.    preparing food;

13      c.    cashiering;

14      d.    cooking food;

15      e.    assembling and wrapping food items for sale to customers;

16      f.    maintaining the premises and performing cleaning work on the premises;

17      g.    unloading deliveries;

18      h.    counting the cash drawer;

19      i.    performing physical inventories;

20      j.    filling in for workers who are out due to illness or vacation; and

21      k.    covering breaks and lunches taken by hourly employees.

22  Salaried Restaurant Managers are also required to perform other non-managerial activities such

23  as opening and closing the fast food outlets and making bank deposits.  As a result, managers

24  have consistently not been primarily engaged in performing exempt work as defined by IWC

25  Wage Orders.

26

27      21.    Labor Code §1174(d) and the IWC Orders (Section 5) provide that every

28  employer shall keep accurate information with respect to each employee including time records

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT     PAGE 8

EXHIBIT 2
PAGE 33

1   showing when the employee begins and ends each work period.  When an employer fails to keep

2   such time records, employees may establish the hours worked solely by their testimony and the

3   burden of overcoming such testimony shifts to the employer.  <u>Hernandez v. Mendoza</u> (1988) 199

4   Cal.App.3d 721, 245 Cal.Rptr. 36.

5

6       22.    Some evidence generally reflecting the number of overtime hours worked by each

7   employee and the compensation rates for the relevant work periods are in the possession of

8   defendant.  While plaintiffs are unable to state at this time the exact amount owing to the class,

9   plaintiffs propose to obtain such information by appropriate and focused discovery proceedings

10  to be taken promptly in this action, and request that damages or restitution be awarded

11  accordingly to proof thus obtained and presented to the Court.

12                                      **V.**

13                      **CLASS ACTION ALLEGATIONS**

14      23.    Plaintiffs bring this action individually and as a class action on behalf of the

15  following classes:

16      CLASS 1:    All persons residing in the state of California as of
                    the time of filing this Complaint who, at any time
17                  from August 7, 2002, up until the date of entry of
                    judgment after trial, are or were employed at any of
18                  the defendant's corporately owned fast food outlets
                    in California as a salaried Restaurant Manager who
19                  claim that they were misclassified, and seek to
                    recover overtime pay;
20
        CLASS 2:    All persons residing in the State of California as of the time of
21                  filing this Complaint who, at any time from August 7, 2002, up
                    until the date of entry of judgment after trial, are or were employed
22                  at any of the defendant's corporately owned fast food outlets in
                    California as a salaried Restaurant Manager who did not receive an
23                  uninterrupted, off-duty thirty (30) minute meal period, for each day
                    in which they worked in excess of five (5) hours.
24

25      24.    Plaintiffs' claims are typical of the claims of the class because plaintiffs and all

26  the class members were harmed by defendant's failure to pay overtime and failure to provide

27  meal breaks as required by California law.  Defendant's policies with respect to the hours worked

28  are and were uniform throughout California and the stores operated under uniform written

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                          **PAGE 9**

EXHIBIT 2
PAGE 34

1 | procedures.

2

3       25.    Plaintiffs are representative parties who will fully and adequately protect the

4 | interests of the class members.  They have retained counsel who are competent in both class

5 | action and employment litigation.  Plaintiffs have no interests which are contrary to or in conflict

6 | with those of the class they seek to represent.

7

8       26.    The number of class members is believed to exceed one hundred (100)

9 | individuals, which makes it impractical to bring all members of the class individually before the

10 | Court, and the identities of the members of the class are determinable from the records of the

11 | defendant, as are the days worked and the regular rate of pay for each class member.

12

13       27.    A class action is superior to other available means for the fair and efficient

14 | adjudication of this lawsuit.  Even if any class member could afford individual litigation against

15 | a large business like Taco Bell, it would be unduly burdensome to the court system.  Individual

16 | litigation magnifies the delay and expense to all parties.  By contrast, a class action presents far

17 | fewer management difficulties and affords the benefits of unitary adjudication, economies of

18 | scale, and comprehensive supervision by a single court. Concentrating this litigation in one

19 | forum will promote judicial economy and parity among the claims of individual class members

20 | and judicial consistency.  Notice of the pendency and any resolution of this action can be

21 | provided to class members by mail, print, broadcast, internet, and/or multimedia publication.

22

23       28.    This type of case is uniquely well-suited for class treatment since the employer's

24 | practices were uniform and the burden is on the employer to prove any exemption.

25

26       29.    Many issues of law or fact are common and they predominate over any individual

27 | questions.  These common issues include:

28       a.    Whether defendant's salaried Restaurant Managers were uniformly classified as

---

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT                 PAGE 10

EXHIBIT 2
PAGE 35

exempt, in violation of California Labor Code and applicable IWC wage orders;

b.    Whether defendant failed to pay plaintiffs and class members all overtime compensation due to them by virtue of its uniform designation of employees as exempt in violation of California Labor Code and applicable IWC wage orders;

c.    Whether plaintiffs and class members were expected to and/or mandated to regularly work overtime;

d.    Whether the purportedly exempt position of salaried Restaurant Manager realistically required class members to be primarily engaged in non-management work;

e.    Whether the defendant failed to pay plaintiffs and class members meal break wages in violation of California Labor Code §226.7;

f.    The correct statute of limitations for plaintiffs' and class members' claims;

g.    The correct method of calculating back overtime pay;

h.    Whether defendant's conduct constitutes unfair competition within the meaning of California Business & Professions Code §§17200 and 17203;

i.    Whether defendant's conduct constitutes unfair business practices within the meaning of California Business & Professions Code §§17200 and 17203;

j.    Whether plaintiffs and class members are entitled to injunctive relief prohibiting defendants from requiring managers who do not meet the statutory and regulatory guidelines for exemption from working more than eight (8) hours per day or forty (40) hours a week in any work week without pay for overtime wages;

k.    Whether plaintiffs and class members are entitled to restitution;

l.    Whether defendant is liable for pre-judgment interest;

m.    Whether defendant is liable for attorney's fees and costs; and

n.    Whether plaintiffs and class members are entitled to waiting time penalties.

## VI.

## GENERAL ALLEGATIONS
## AS TO CLASS REPRESENTATIVE

30.    During the class period, plaintiffs were employed by defendant as salaried Restaurant Managers in California and were classified "salaried exempt." Plaintiffs regularly worked more than 8 hours per day and in excess of 40 hours a week without payment of overtime wages.

31.    During their employment by defendant, plaintiffs spent over fifty percent (50%) of

---

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT           PAGE 11

EXHIBIT 2
PAGE 36

1  their working hours performing the duties of non-exempt employees.  These duties included, but

2  were not limited to:  greeting and waiting on customers;  preparing food;  cashiering;  cooking

3  food;  assembling and wrapping food items for sale to customers;  maintaining the premises and

4  performing cleaning work on the premises;  unloading deliveries;  counting the cash drawer;

5  performing physical inventories;  filling in for workers who are out due to illness or vacation;

6  and covering breaks and lunches taken by hourly employees.

7

8       32.     At all times during their employment by Taco Bell, plaintiffs spent far less than

9  fifty percent (50%) of their workweek and/or working hours performing work which was

10  primarily intellectual, managerial, creative, or which required the regular and customary exercise

11  of discretion and independent judgment.  The majority of their working hours was spent engaged

12  in non-managerial, non-exempt activities.

13

14       33.     Due to chronic understaffing and tight restrictions placed on labor by defendant,

15  plaintiffs rarely had time to take an uninterrupted, thirty (30) minute meal period, when working

16  shifts in excess of five (5) hours in duration.

17

18                                    **VII.**

19                         **FIRST CAUSE OF ACTION**

20                    **FAILURE TO PAY OVERTIME WAGES**

21            **Violation of California Labor Code §§ 203, 510, 1194 and 1198**

22                        **(As Against All Defendants)**

23       34.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as

24  though fully set forth in detail herein.

25

26       35.     California Labor Code §510 defines a day's work as 8 hours and states that any

27  work in excess of 8 hours in one workday and any work in excess of 40 hours in any one

28  workweek must be compensated at the rate of no less than one and one-half times the regular rate

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                          **PAGE 12**

EXHIBIT 2
PAGE 37

1   of pay.

2

3       36.    Pursuant to California Labor Code §1194(a), a plaintiff may bring a

4   civil action for overtime wages directly against the employer without first filing a claim with the

5   Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages,

6   together with interest thereon, penalties, attorney's fees and costs.

7

8       37.    Pursuant to California Labor Code §1198, it is unlawful to employ persons for

9   longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage

10  Orders.  IWC Wage Order No. 5 applies to plaintiffs' employment.  It provides for payment of

11  overtime wages equal to one and one-half times an employee's regular rate of pay for all hours

12  worked in excess of 8 hours in a day or 40 hours in a work week or, in certain circumstances, two

13  times an employee's regular rate of pay.

14

15      38.    At all times relevant hereto, Taco Bell treated plaintiffs and others similarly

16  situated as "salaried exempt" employees and as "bona fide executives" exempt from the

17  protections of the California Labor Code.

18

19      39.    In California, all employees are presumed to be non-exempt and all exemptions

20  are narrowly construed against the employer.  <u>Ramirez v. Yosemite Water Co., Inc.</u> (1999) 20

21  Cal.4th 785; <u>Nordquist v. McGraw-Hill Broadcasting Co.</u> (1995) 32 Cal.App.4th 555.

22

23      40.    Taco Bell improperly misclassified its salaried Restaurant Managers as exempt

24  from California's overtime laws.  Taco Bell did so despite the fact that its salaried Restaurant

25  Managers did not meet the exemption criteria because, among other things, those managers were

26  not:

27      a.    Primarily engaged in the management of the enterprise in which they are/were
        employed or of a customarily recognized department or subdivision thereof; <u>and</u>

28

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**          **PAGE 13**

EXHIBIT 2
PAGE 38

b.  Customarily and regularly directing the work of at least two other full-time employees or the equivalent; and

c.  Granted the authority to hire or fire other employees, or to command particularly serious attention to their recommendations on such actions; and

d.  Customarily and regularly exercising discretion and independent judgment in the performance of their duties; and

e.  Spending less than fifty percent (50%) of their worktime "engaged in" non-managerial work.

41.  Plaintiffs and other salaried Restaurant Managers are and were expected to work in excess of 8 hours in a day and/or 40 hours in a week. Salaried Restaurant Managers averaged 50 or more hours or more per week to maintain the restaurants in the condition expected by Taco Bell and to maintain the sales expected and demanded by Taco Bell.

42.  As a uniform practice, Taco Bell failed to keep the records of hours worked by its employees as required by California's wage orders. However, records of the rates of pay for plaintiff and the class members are in the possession or within the custody and control of Taco Bell.

43.  Taco Bell owes plaintiffs and the class overtime wages according to proof at the time of trial. Plaintiffs are informed and believe, and thereon allege, that Taco Bell knew or should have known that the salaried Restaurant Managers did not qualify as exempt employees and purposely elected not to pay them for their overtime labor. Plaintiffs, individually and on behalf of all employees similarly situated, requests recovery of overtime compensation according to proof, penalty wages, interest, attorney's fees and costs pursuant to Labor Code §§203 and 1194(a), as well as the assessment of any other statutory penalties, including waiting time penalties, against Taco Bell in a sum as provided by the Labor Code and/or other statutes.

///

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT                                    PAGE 14

EXHIBIT 2
PAGE 39

# VIII.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL BREAKS

### Violation of California Labor Code §226.7

44.    Plaintiffs hereby re-allege and incorporate by reference the allegations contained in the preceding paragraphs of the Complaint.

45.    California Labor Code § 226.7 requires an employer to pay an additional hours worth of pay for each period in which an off-duty meal period is not provided.  Pursuant to IWC Wage Order No. 5, employees are entitled to an off-duty meal period of at least thirty (30) minutes in duration during each shift in excess of five (5) hours in duration.

46.    During the class period, defendant failed to provide plaintiffs and the class members with off-duty thirty (30) minute meal periods as required under Wage Order 5 and Labor Code §226.7.

47.    Pursuant to Labor Code §226.7, plaintiffs and the class members are entitled to damages in an amount equal to one (1) hour of wages for every missed meal period, including interest, in an amount to be proved at trial.

# IX.

## THIRD CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 and 17203

### (As Against All Defendants)

48.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

49.    Since August 7, 2002, Taco Bell has engaged and continues to engage in unfair and/or unlawful business acts and practices in violation of California Business & Professions

---

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT                                      PAGE 15

EXHIBIT 2
PAGE 40

1   Code §§17200 and 17203. These acts and practices constitute a continuing and ongoing unfair

2   and/or unlawful business activity defined by Business & Professions Code §17200, and justify

3   the issuance of an injunction, restitution, and other equitable relief pursuant to Business &

4   Professions Code §17203.

5

6       50.     Taco Bell has unlawfully designated Restaurant Managers as "exempt" employees

7   to avoid the payment of overtime wages and other benefits in violation of Labor Code §500 et

8   seq., Labor Code §1100 et seq., the California Code of Regulations, and the guidelines set forth

9   by the IWC.

10

11      51.     The conduct of Taco Bell is inimical to the public welfare since it transgresses

12  civil statutes of this state designed to protect workers from exploitation.

13

14      52.     Taco Bell's conduct in misclassifying plaintiffs and other members of the class

15  and failing to pay overtime was unfair within the meaning of §17200 because it was against

16  established public policy and has been pursued to attain an unjustified monetary advantage for

17  Taco Bell by creating personal disadvantage and hardship to its employees.  As such, Taco Bell's

18  business practices and acts have been immoral, unethical, oppressive and unscrupulous.

19

20      53.     By and through its unfair and/or unlawful business practices and acts described

21  herein, Taco Bell has obtained valuable services from plaintiffs and all persons similarly situated

22  and has deprived plaintiffs and all persons similarly situated of valuable rights and benefits

23  guaranteed by law, all to their detriment.

24

25      54.     Plaintiffs, and all persons similarly situated, and all persons in interest, are entitled

26  to and do seek such relief as may be necessary to restore to them the money and property which

27  Taco Bell has acquired, or of which plaintiffs and class members have been deprived by means

28  of the herein described unfair and/or unlawful business practices.

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                          **PAGE 16**

EXHIBIT 2
PAGE 41

1  55.    Plaintiffs, and all persons similarly situated, and all persons in interest, are further

2  entitled to and do seek a declaration that the above described business practices are unfair and

3  unlawful, and injunctive relief restraining Taco Bell from engaging in any of the herein described

4  unfair and/or unlawful business practices at all times in the future.

5

6  Dated: August 28, 2006                              MCINERNEY & JONES

7

8                                                      By:

9                                                          Charles A. Jones, Esq.
                                                          Attorneys for Plaintiff Puchalski

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**                              **PAGE 17**

EXHIBIT 2
PAGE 42

**EXHIBIT 3**

09/29/2006  13:59    7758493866                  MCINERNEY JONES                      PAGE  02/02

9/29/06   @ 3:45P

**FIRST AMENDED**
**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TACO BELL CORP., a California Corporation, and DOES 1-20,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Marina Puchalski and Rajeev Chhibber

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
FILED
CIVIL BUSINESS OFFICE 7
CENTRAL DIVISION

2006 AUG 28  P 4: 15

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del caso):* |
| San Diego Superior Court | GIC 870429 |
| 330 West Broadway | |
| San Diego, California 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
McInerney & Jones
18124 Wedge Parkway #503, Reno, NV 89511

**BY FAX**

| DATE: | AUG 2 8 2006 | Clerk, by | M. McKinley | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1.  [ ]  as an individual defendant.
2.  [ ]  as the person sued under the fictitious name of *(specify):*

3.  [✓]  on behalf of *(specify):* Taco Bell Corp., a California corporation
    under:  [✓]  CCP 416.10 (corporation)        [ ]  CCP 416.60 (minor)
            [ ]  CCP 416.20 (defunct corporation)  [ ]  CCP 416.70 (conservatee)
            [ ]  CCP 416.40 (association or partnership)  [ ]  CCP 416.90 (authorized person)
            [ ]  other *(specify):*
4.  [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

11613920.tif - 9/29/2006 2:56:34 PM

EXHIBIT 3
PAGE 43

LAW OFFICE 12
DIVISION

2008 OCT 30  P 4: 32

COURT
CA

1  IRELL & MANELLA LLP
   Layn R. Phillips (103854)
2  Andra Barmash Greene (123931)
   Julie M. Davis (232488)
3  840 Newport Center Drive, Suite 400
   Newport Beach, California 92660-6324
4  Telephone:  (949) 760-0991
   Facsimile:   (949) 760-5200
5
   MCKENNA LONG & ALDRIDGE LLP
6  Robert S. Brewer, Jr. (65294)
   Ross H. Hyslop (149358)
7  750 B Street, Suite 3300
   San Diego, California 92101-8105
8  Telephone:  (619) 595-5461
   Facsimile:   (619) 595-5450
9

10  Attorneys for Defendant Taco Bell Corp.

11        SUPERIOR COURT OF THE STATE OF CALIFORNIA

12             FOR THE COUNTY OF SAN DIEGO

13

14  MARINA PUCHALSKI and RAJEEV        )   Case No. GIC 870429
    CHHIBBER, individually and on behalf of all )
15  others similarly situated,              )   Case currently assigned for all purposes to:
                                          )   The Honorable William R. Nevitt
16            Plaintiffs,                 )   Dept. 64
                                          )
17            v.                          )   DEFENDANT TACO BELL CORP.'S
                                          )   ANSWER TO FIRST AMENDED CLASS
18  TACO BELL CORP., a California         )   ACTION COMPLAINT
    Corporation, and DOES 1-20, inclusive, )
19                                        )   [Class Action]
            Defendants.                   )
20                                        )   Complaint filed:  August 7, 2006
                                          )   Trial date:        None Set
21
22
23
24
25
26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284        ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 44

COPY

1    Defendant Taco Bell Corp. ("Defendant") hereby answers the unverified First Amended

2  Complaint ("Complaint") of Marina Puchalski and Rajeev Chhibber ("Plaintiffs") as follows:

3                                          GENERAL DENIAL

4    Pursuant to California Code of Civil Procedure section 431.30(d), Defendant answers the

5  Complaint by denying each and every material allegation of the Complaint and each and every

6  purported cause of action contained therein and by denying that Plaintiffs or the alleged class

7  members are entitled to any of the relief sought therein.  Defendant further denies that Plaintiffs or

8  the alleged class members have been damaged in any way or that they are entitled to any form of

9  equitable relief.

10                                        AFFIRMATIVE DEFENSES

11    Without admitting any of the allegations of the Complaint, Defendant asserts the following

12  affirmative defenses without assuming the burden of proof on any such affirmative defense where:

13                                       FIRST AFFIRMATIVE DEFENSE

14                                     (Failure to State a Cause of Action)

15      1.  The Complaint fails to state a claim upon which relief can be granted.

16                                      SECOND AFFIRMATIVE DEFENSE

17                                       (Complaint is Uncertain)

18      2.  The Complaint is uncertain, ambiguous and unintelligible.

19                                       THIRD AFFIRMATIVE DEFENSE

20                                            (Exemption)

21      3.  Plaintiffs' claims and the claims of alleged class members are barred to the extent

22  an exemption to overtime pay and other wage and hour provisions are applicable under federal or

23  California law.  Plaintiffs and alleged class members were and/or are employed in an exempt

24  capacity within the meaning of Wage Orders 5-2001 for the Public Housekeeping Industry and

25  corresponding California regulations, in addition to the federal regulations set forth in 29 C.F.R.

26  §§ 541.1, 541.101 *et seq.*  Thus, Plaintiffs and alleged class members have no entitlement to the

27  claimed damages including, without limitation, overtime wages.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 1 -

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 45

1    FOURTH AFFIRMATIVE DEFENSE

2    (Compliance With Labor Code and Industrial Welfare Commission Orders)

3        4.  Plaintiffs and alleged class members are not entitled to the damages they seek

4    because Defendant was and is in compliance with all provisions of the Labor Code and/or

5    Industrial Welfare Commission orders relating to overtime compensation requirements, including

6    but not limited to California Labor Code § 515.

7    FIFTH AFFIRMATIVE DEFENSE

8    (Failure to Exhaust Administrative Remedies)

9        5.  Plaintiffs and the members of any class Plaintiffs purport to represent have failed to

10   exhaust remedies available under statutes, regulations, rules and procedures relating to the matters

11   alleged in the Complaint, and they are barred by reason of their failure to do so.

12   SIXTH AFFIRMATIVE DEFENSE

13   (Statute of Limitations)

14       6.  The claims alleged in the Complaint are barred by the applicable statutes of

15   limitations contained in Cal. Bus. & Prof. Code §§ 16750.1, 17208, Cal. Code Civ. Proc.

16   §§ 338(a), 340, 343, and other applicable statutes.

17   SEVENTH AFFIRMATIVE DEFENSE

18   (Standing)

19       7.  Plaintiffs and the alleged class members lack standing to assert the claims alleged

20   in the Complaint.

21   EIGHTH AFFIRMATIVE DEFENSE

22   (Improper Class)

23       8.  The action is not properly maintainable as a class action.

24   NINTH AFFIRMATIVE DEFENSE

25   (Justification and Privilege)

26       9.  Defendant's actions, statements or conduct were justified and privileged.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 2 -
ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 46

1    <u>TENTH AFFIRMATIVE DEFENSE</u>

2    (Waiver)

3    10. The claims alleged in the Complaint are barred by the equitable doctrine of waiver.

4    <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

5    (Consent)

6    11. The claims alleged in the Complaint are barred by the equitable doctrine of consent.

7    <u>TWELFTH AFFIRMATIVE DEFENSE</u>

8    (Estoppel)

9    12. The claims alleged in the Complaint are barred by the equitable doctrine of

10   estoppel.

11   <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

12   (Laches)

13   13. The claims alleged in the Complaint are barred by the equitable doctrine of laches.

14   <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

15   (Release, Rescission and Accord and Satisfaction)

16   14. The claims alleged in the Complaint are barred by the doctrines of release,

17   rescission and accord and satisfaction.

18   <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

19   (Failure to Mitigate Damages)

20   15. Plaintiffs and the alleged class members have failed to take appropriate and

21   necessary steps to mitigate damages, if any exist.

22   <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

23   (Speculative Damages)

24   16. The damages alleged in the Complaint, if any, are speculative and based on guess-

25   work and conjecture and are impossible to ascertain or allocate.

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 3 -
ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 47

1

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

2

(Unclean Hands)

3

17. The Complaint and some or all of the claims alleged therein are barred by the

4

doctrine of unclean hands.

5

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

6

(Lack of Proximate Cause)

7

18. Plaintiffs and the alleged class members were not proximately injured by the

8

alleged conduct of Defendant.  Any loss, injury, damage or detriment incurred by Plaintiffs or

9

alleged class members, if any, resulted from Plaintiffs' and alleged class members' own actions or

10

omissions and not the acts or omissions of Defendant.

11

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

12

(Comparative Fault/Apportionment)

13

19. The damages purportedly suffered by Plaintiffs and alleged class members, if any,

14

proximately resulted from the negligence, carelessness, recklessness, lack of due care, wrongful

15

conduct, and/or fault of parties, persons, and/or entities other than Defendant, and the liability of

16

Defendant is limited in direct proportion to the percentage of fault actually attributed to it.

17

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

18

(Lack of Willfulness)

19

20. Plaintiffs are not entitled to recover any penalties under Section 203 of the

20

California Labor Code because Defendant did not act willfully within the meaning of the statute

21

since a good faith dispute exists as to whether Plaintiffs and alleged class members are entitled to

22

overtime.

23

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

24

(Improper Joinder)

25

21. Plaintiffs improperly attempt to join parties through the Complaint who do not

26

assert rights which arise from the same transaction or occurrence and whose claims do not present

27

common questions of law or fact.  Cal. Code Civ. Proc. § 378.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1587284

- 4 -

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 48

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements of Class Action)

22. Plaintiffs and alleged class members have failed to plead adequately the elements necessary for class treatment and are therefore barred from seeking to certify this case as a class action because, among other things, there is no ascertainable class and no well-defined community of interest.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure of Predominate Common Questions of Law and Fact)

23. Plaintiffs and alleged class members have failed to plead adequately the elements necessary for class treatment and are therefore barred from seeking to certify this case as a class action because, among other things, no predominant common questions of law or fact exist between the purported class representatives and the purported class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure of Typical Claims)

24. Plaintiffs and alleged class members have failed to plead adequately the elements necessary for class treatment and are therefore barred from seeking to certify this case as a class action because, among other things, the proposed class representatives do not have claims typical of the purported class.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Benefit of Class Action to Alleged Class Members)

25. Plaintiffs and alleged class members have failed to plead adequately the elements necessary for class treatment and are therefore barred from seeking to certify this case as a class action because, among other things, alleged class members would not benefit from adjudicating this dispute as a class action.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 5 -

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 49

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Meet the Requirements To Be Class Representatives)

26. Plaintiffs' claims and the claims of alleged class members are barred as a class action because, among other things, Plaintiffs, and each of them, do not meet the requirements to represent the alleged class.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

27. Plaintiffs' claims and the claims of alleged class members are barred as a class action because, among other things, a class action is not the superior method for adjudicating this dispute.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Directions)

28. Plaintiffs' claims and the claims of alleged class members fail because Plaintiffs and alleged class members were required to substantially comply with Defendant's directions concerning the work in which Plaintiffs and alleged class member were engaged and Plaintiffs and alleged class members failed to substantially comply with Defendant's directions, even though such compliance was possible, lawful, and not unreasonably burdensome, thereby violating Section 2856 of the California Labor Code.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

29. Plaintiffs' claims and the claims of alleged class members fail because Plaintiffs and alleged class members did not perform services in conformity with the usage of the place of performance in violation of Section 2857 of the California Labor Code.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Exercise Skill)

30. Plaintiffs' claims and the claims of alleged class members fail because Plaintiffs and alleged class members did not exercise reasonable skill in performing services for Defendant in violation of Sections 2858 and 2859 of the California Labor Code.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1587284

- 6 -

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 50

THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Meet Reasonable Expectations)

31. Plaintiffs' claims and the claims of alleged class members fail because Plaintiffs' and alleged class members' job performance diverged from Defendant's reasonable expectations.

THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Duty)

32. The causes of action alleged in the Complaint are barred because Defendant did not owe a legal duty to Plaintiffs or alleged class members or, if any legal duty arose, it was not breached by Defendant.

THIRTY-THIRD AFFIRMATIVE DEFENSE

(No Injury)

33. The causes of action alleged in the Complaint are barred because Plaintiffs and alleged class members have not suffered any cognizable damage or other harm as a result of any act or omission of Defendant.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Breach of Agreement to Arbitrate)

34. Plaintiffs and/or alleged class members have agreed to arbitrate disputes of the type alleged in the Complaint, and Plaintiffs an/or alleged class members have failed to do so thereby precluding this litigation.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Preemption)

35. The Complaint and the causes of action alleged in the Complaint are barred because they are preempted to the extent that Plaintiffs and alleged class members seek remedies different from or conflicting with those provided for by the Fair Labor Standards Act, 29 U.S.C. §§ 216, 217.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 7 -
ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 51

1

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

(Preemption)

3       36. The Complaint and the causes of action alleged in the Complaint are barred

4 because they are preempted to the extent that Plaintiffs and alleged class members seek remedies

5 for alleged mental, emotional and/or physical distress or injury because the exclusive remedy for

6 such alleged distress or injury is under the California Workers' Compensation Act and before the

7 Workers' Compensation Appeals Board.

8

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

9

(Preemption)

10       37. The Complaint and the causes of action alleged in the Complaint are barred

11 because the definition of an employee who is exempt from relevant provisions of California

12 Industrial Welfare Commission Orders, including, without limitation Wage Order 5-2001, is

13 preempted by section 213 of the Fair Labor Standards Act. 29 U.S.C. § 213, 29 CFR 541.0 *et seq.*

14

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

15

(Preemption)

16       38. To the extent that Plaintiffs seek to certify a class that does not comply with the

17 procedural requirements of the Fair Labor Standards Action, including but not limited to certifying

18 an "opt-out" class instead of an "opt-in" class, Plaintiffs' Complaint is preempted by Section

19 216(b) of the Fair Labor Standards Act.

20

## THIRTY-NINTH AFFIRMATIVE DEFENSE

21

(Failure to Pursue Workers' Compensation Act Remedy).

22       39. Plaintiffs and alleged class members are barred from and have waived any recovery

23 for alleged mental, emotional and/or physical distress or injury on the grounds that they have

24 failed to pursue their remedies, if any, under the California Workers' Compensation Act.

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 8 -

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 52

1           <u>FORTIETH AFFIRMATIVE DEFENSE</u>

2             (No Deception Upon Public)

3      40. The alleged claim in the Complaint for violation of Cal. Bus. & Prof. Code

4  § 17200, *et seq.*, is barred because Plaintiffs and alleged class members cannot show a deception

5  upon the public.

6          <u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>

7            (No Injury to Competition)

8      41. The alleged cause of action in the Complaint for violation of Cal. Bus. & Prof.

9  Code § 17200, *et seq.*, is barred because Plaintiffs and alleged class members cannot show an

10  injury to competition.

11        <u>FORTY-SECOND AFFIRMATIVE DEFENSE</u>

12      (Failure to State a Claim Under the Unfair Practices Act)

13      42. The alleged cause of action in the Complaint for violation of Cal. Bus. & Prof.

14  Code § 17200, *et seq.*, fails because Plaintiffs have failed to allege facts sufficient to state a claim

15  for which relief can be granted.

16        <u>FORTY-THIRD AFFIRMATIVE DEFENSE</u>

17          (Legitimate Business Reasons)

18      43. The Complaint and the alleged causes of action contained in the Complaint are

19  barred in whole or in part because Defendant had an honest, good faith belief that all decisions, if

20  any, affecting Plaintiffs and alleged class members were made by Defendant solely for legitimate,

21  business-related reasons that were not arbitrary, capricious or unlawful and were reasonably based

22  upon the facts as Defendant understood them.

23        <u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u>

24              (Good Faith)

25      44. Defendant acted in good faith and had reasonable grounds for believing that its

26  actions were in compliance with federal and California law.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 9 -

EXHIBIT 4
PAGE 53

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization or Ratification)

45. Defendant is not liable for the alleged damages because if a person or entity engaged in intentional, willful or unlawful conduct as alleged in the Complaint, such conduct was undertaking without the knowledge, authorization or ratification of Defendant.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

46. Plaintiffs' claims and the claims of alleged class members are barred because any alleged conduct of Defendant was not unlawful, as Defendant sought to and did comply in good faith with the applicable law including, without limitation, applicable labor rules and regulations.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

47. Plaintiffs' claims and the claims of alleged class members for unfair business practices under California Business & Professions Code § 17200 are barred because the alleged actions and/or omissions of Defendant, if any, constituted the reasonable exercises of Defendant's business judgment and therefore cannot constitute unlawful, unfair or fraudulent business practices.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (De Minimis)

48. Defendant is not liable for the alleged damages because such damage, if any, was de minimis because Defendant acted in good faith and was in substantial compliance with the law.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

49. Plaintiffs and alleged class members are not entitled to recover any punitive or exemplary damages because such damages are not available under California law.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 10 -

FIFTIETH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

50. The relief requested by Plaintiffs and alleged class members pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*, and the equitable relief requested should be denied because Plaintiffs and alleged class members have an adequate remedy at law.

FIFTY-FIRST AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

51. Plaintiffs and alleged class members are precluded from recovering attorneys' fees from Defendant under, without limitation, Section 1021.5 of the California Code of Civil Procedure.

**WHEREFORE**, Defendant Taco Bell, Corp. prays that this Court:

    a.  Dismiss Plaintiffs' Complaint with prejudice;

    b.  Enter judgment in favor of Defendant on Plaintiffs' claims and direct that Plaintiffs take nothing by their Complaint against Defendant;

    c.  Award Defendant its costs of suit incurred herein, including attorneys' fees to the extent permitted by law; and

    d.  Grant Defendant such other and further relief as may be deemed just and proper.

Dated: October 30, 2006

IRELL & MANELLA LLP

By: _____
Andra Barmash Greene
Attorneys for Defendant
Taco Bell Corp.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 11 -

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 55

CIVIL ___ AS OFFICE 12
___ DIVISION

2006 OCT 30  P  4: 32

___ COUNTY. CA

1   **PROOF OF SERVICE**

2      I am employed in the County of Orange, State of California. I am over the age of 18 and
not a party to the within action. My business address is 840 Newport Center Drive, Suite 400,
3   Newport Beach, California 92660-6324.

4      On October 30, 2006, I served the foregoing document described as **DEFENDANT
TACO BELL CORP.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**
5   on each interested party, as follows:

6   Kevin J. McInerney, Esq.                     Edward J. Wynne, Esq.
    Kelly McInerney, Esq.                        J.E.B. Pickett, Esq.
7   Charles A. Jones, Esq.                       Wynne Law Firm
    McInerney & Jones                            100 Drakes Landing Road, Suite #275
8   18124 Wedge Parkway #503                     Greenbrae, CA 94904
    Reno, NV 89511
9
    Attorneys for Plaintiff Puchalski           Attorneys for Plaintiff Chhibber
10
    Matthew Righetti, Esq.                       Peter F. Klett, Esq.
11  Righetti Law Firm                            Pro Hac Vice upon motion
    456 Montgomery Street, Suite 1400            Steward, Estes & Donnell, PLC
12  San Francisco, CA 94104                      424 Church Street, Suite 1401
                                                 Nashville, TN 37219
13
    Attorneys for Plaintiff Puchalski           Attorneys for Plaintiff Chhibber
14

15      ☒      (BY MAIL) I placed a true copy of the foregoing document in a sealed
                envelope addressed to each interested party, as set forth above. I placed each
16              such envelope, with postage thereon fully prepaid, for collection and mailing at
                Irell & Manella LLP, Newport Beach, California. I am readily familiar with
17              Irell & Manella LLP's practice for collection and processing of correspondence
                for mailing with the United States Postal Service. Under that practice, the
18              correspondence would be deposited in the United States Postal Service on that
                same day in the ordinary course of business.
19
        Executed on October 30, 2006, at Newport Beach, California.
20
        I declare under penalty of perjury under the laws of the State of California that the
21  foregoing is true and correct.

22

23      _____            _Sarah Jones_ (signature)
            Sarah Jones
24          (Type or print name)                   (Signature)

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1587284

- 12 -
ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 4
PAGE 56

**EXHIBIT 5**

1 | IRELL & MANELLA LLP
Layn R. Phillips (103854)
2 | Andra Barmash Greene (123931)
Julie M. Davis (232488)
3 | 840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
4 | Telephone:   (949) 760-0991
Facsimile:    (949) 760-5200
5 |
Attorneys for Defendant
6 | Taco Bell Corp.

7

F   I   L   E   D
Clerk of the Superior Court

FEB 2 1 2007

BY: S. SEEMATTER

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO

10

| | | |
|---|---|---|
| 11<br><br>12<br><br>13<br><br>14<br><br>15<br><br>16<br><br>17 | MARINA PUCHALSKI and RAJEEV<br>CHHIBBER, individually and on behalf of all<br>others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>TACO BELL CORP., a California<br>Corporation, and DOES 1-20, inclusive,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. GIC 870429<br><br>Case currently assigned for all purposes to:<br>Hon. Yuri Hofmann<br>Dept. 60<br><br>**STIPULATION AND [~~PROPOSED~~]<br>PROTECTIVE ORDER REGARDING<br>CONFIDENTIAL INFORMATION**<br><br>[Class Action]<br><br>Complaint filed:   August 7, 2006<br>Trial date:      None Set |

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 57

1    This Stipulation and Proposed Protective Order concerns and shall apply to the case

2  entitled <u>Puchalski v. Taco Bell Corp.</u>, Case No. GIC 870429 (the "Action").

3    To afford protections to certain documents of the parties in or nonparties to this Action, the

4  parties, by and through their respective attorneys of record, hereby stipulate and agree to an Order

5  of the Court as follows:

6    1.    Any person who produces or receives materials in this Action (including writings,

7  as defined at California Evidence Code § 250, and/or things) through the discovery provisions of

8  the California Code of Civil Procedure may designate as "<u>confidential</u>" such materials as the

9  person ("Designating Party") believes in good faith and after reasonable inquiry, contain trade

10  secrets, proprietary business information, or information subject to a legally protected right of

11  privacy such as, without limitation, personnel and payroll information ("Confidential Material").

12    2.    Confidential Material may be so designated by stamping on or otherwise

13  permanently affixing to such material before its production the legend: "CONFIDENTIAL -

14  ACCESS LIMITED," or words of similar meaning. Such designation shall be stamped or affixed

15  so as not to obscure or deface the material or any portion of its contents. Should any party,

16  counsel for any party, or any person or entity not a party to this Action, who obtains access to all

17  or any material designated as confidential under this protective order, make copies, duplicates, or

18  extracts of or from such Confidential Material, or any portion thereof, the designation

19  "CONFIDENTIAL - ACCESS LIMITED," or words of similar meaning, shall also be stamped on

20  or affixed to such copies, duplicates or extracts, and all references in this Stipulation to

21  Confidential Material shall be deemed to include and to apply to such copies, duplicates and/or

22  extracts of all information derived from Confidential Material and to Confidential Material marked

23  as Exhibits at depositions or otherwise used during the litigation.

24    3.    The failure to mark a document or thing in accordance with this Stipulation as

25  Confidential Material shall not preclude any party desiring to designate the document or thing

26  thereafter from subsequently designating the document or thing as Confidential Material. A

27  Designating Party that wants to subsequently designate a document or thing as Confidential

28  Material must notify, in writing, the party in receipt of the document or thing to be designated as

RELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

- 1 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 58

1  Confidential Material.  Upon receiving this written notification, the party in receipt of the

2  document or thing to be designated Confidential Material shall (a) mark the document or thing

3  identified "CONFIDENTIAL – ACCESS LIMITED" or words of similar meaning, and (b) make

4  reasonable efforts to assure that the material is treated in accordance with the provisions of this

5  Stipulation.  Thereafter, the document or thing shall be fully subject to this Stipulation.

6       4.     If a Designating Party determines that a document or thing it designated as

7  Confidential Material does not qualify for protection, the Designating Party must promptly notify

8  the party in receipt of the document or thing that it is withdrawing the mistaken designation.

9       5.     Material designated as Confidential Material shall be subject to this Stipulation

10  until and unless the Designating Party subsequently permits or allows its disclosure, or the Court

11  or an officer of the Court designated by the Court to hear discovery matters in this litigation shall

12  order otherwise.

13       6.     All information designated by a Designating Party as Confidential Material in

14  accordance with this Stipulation shall be used solely for prosecuting, defending, or attempting to

15  settle this Action.  It may not be used for any business or commercial purpose or for any other

16  litigation or any alternative dispute resolution procedure not related to this Action.

17       7.     No party shall disclose any Confidential Material to the general public or to any

18  person, except (i) any individual who is a party of record in this Action as of the date of entry of

19  this Order, (ii) any officer, director, trustee, in-house counsel, or employee of a party of record

20  who is actively assisting in the preparation and trial of this litigation, (iii) outside counsel of

21  record, its employees providing active assistance with this litigation (including law clerks, legal

22  assistants, technical assistants, secretaries and clerks of such counsel) and any outside vendors

23  utilized by outside counsel of record in connection with this litigation, (iv) expert witnesses and

24  consultants engaged to assist counsel in the defense or prosecution of this Action, and (v) during

25  the course of a deposition, to a person whose deposition is being taken.  The parties agree to take

26  all necessary and reasonable steps to prevent the unauthorized disclosure of Confidential Material

27  and shall require that recipients of Confidential Material sign Exhibit A to this Stipulation as

28  provided in ¶ 9.

RELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

- 2 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 59

1      8.    Confidential Material may also be disclosed to (1) any person testifying at a

2 deposition, hearing or at trial of the Action; (2) any court reporter acting in that capacity in the

3 Action; or (3) the Court without need for a written acknowledgement, as provided in ¶ 9.

4 Additionally, the Court and its personnel shall be exempt from any liability arising from this

5 Stipulation and Order thereon.

6      9.    In the event that a party does disclose Confidential Material to any person as

7 permitted in ¶ 7 above, the disclosing party agrees to secure from such person a signed written

8 acknowledgment (the "Acknowledgment") confirming that such person knows the terms of this

9 Stipulation and that such person agrees to be bound by the terms of this Stipulation, and that such

10 person agrees to submit his or her person to the jurisdiction of the above-entitled Court for the

11 purpose of securing compliance with the terms of this Stipulation. The parties agree to secure the

12 executed Acknowledgment before disclosing Confidential Material.  The parties agree that the

13 Acknowledgment shall be in the form attached to this Stipulation as Exhibit A.  The parties further

14 agree to retain such Acknowledgments and to submit them to the Court for in camera review in the

15 event that a party alleges that the terms of this Stipulation have been violated.  Neither party has

16 an obligation to reveal directly to the other the identities of persons who execute written

17 Acknowledgements.

18      10.    If at any time during this litigation a party ("Objecting Party") disputes the

19 confidentiality of material designated as Confidential Material, the Objecting Party shall notify the

20 Designating Party in writing of such dispute within thirty (30) days after receiving the material

21 designated as Confidential Material.  The Objecting Party's notice shall identify the material in

22 dispute and shall explain the basis for the disputed designation.  Within twenty-one (21) days of

23 receiving the Objecting Party's notice, the Designating Party shall meet and confer with the

24 Objecting Party to attempt to resolve the disputed designation.  If the parties cannot resolve the

25 disputed designation, then the following procedure shall apply:

26      A)    If the material designated as Confidential Material originated from a personnel file

27              or contains financial information including, without limitation, payroll data, then

28              the Objecting Party may move for a ruling that the material designated as

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

- 3 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 60

1  Confidential Material is not entitled to such status and protection.  Such motion

2  must be filed within twenty-one (21) days after the parties' meet and confer

3  regarding the disputed designation.  An opposition to such a motion shall be filed

4  within fourteen (14) days of service of the motion, and a reply to the opposition

5  shall be filed within seven (7) days of service of the opposition.  Service under this

6  paragraph shall be by facsimile or overnight mail next day delivery.  The Objecting

7  Party shall bear the burden of showing that the "Confidential" designation is not

8  warranted.  Until the Court rules on the motion regarding the disputed designation,

9  the material shall be treated as Confidential Material.

10  B)  If the material designated as Confidential Material did not originate from a

11  personnel file or does not contain financial information including, without

12  limitation, payroll data, then the Designating Party may move for a ruling that the

13  material designated as Confidential Material is entitled to such status and

14  protection.  Such motion must be filed within twenty-one (21) days after the parties'

15  meet and confer regarding the disputed designation.  An opposition to such a

16  motion shall be filed within fourteen (14) days of service of the motion, and a reply

17  to the opposition shall be filed within seven (7) days of service of the opposition.

18  Service under this paragraph shall be by facsimile or overnight mail next day

19  delivery.  The Designating Party shall bear the burden of showing that the

20  "Confidential" designation is warranted.  Until the Court rules on the motion

21  regarding the disputed designation, the material shall be treated as Confidential

22  Material.

23  11.  The parties agree that neither plaintiffs nor defendant are required to file pleadings

24  and other papers submitted to the Court in this action under seal, except that the parties agree that

25  any Confidential Material, or any portion thereof, quoted therein or appended thereto, shall be

26  submitted to the Court under seal.  The Court hereby authorizes the filing of Confidential Material

27  under seal without any further Court action being required by the parties.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1604334

- 4 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 61

1       12.    If a party is served with a subpoena or an order issued by another court in other

2   litigation that would compel disclosure of any information or items designated in this Action as

3   Confidential Material, the party receiving the subpoena or order must notify, in writing, the

4   Designating Party immediately and in no event more than three court days after receiving the

5   subpoena or court order.  Such notification shall include a copy of the subpoena or court order.

6   Additionally, the party receiving the subpoena or court order shall immediately inform, in writing,

7   the party who caused the subpoena or order to issue in the other litigation that some or all of the

8   material covered by the subpoena or court order is the subject of this Stipulation and shall deliver

9   a copy of this Stipulation promptly to the party in the other action that caused the subpoena or

10   court order to issue.  The purpose of imposing these duties is to alert all interested parties to the

11   existence of this Stipulation and to afford the Designating Party an opportunity to protect its

12   confidentiality interest in the court from which the subpoena or order issued.  The Designating

13   Party shall bear the burdens and expenses of seeking protection in the court from which the

14   subpoena or order issued.  Nothing in this Stipulation should be construed as authorizing or

15   encouraging a party receiving a subpoena or order requesting Confidential Material to disobey a

16   lawful directive from another court.

17       13.    This Stipulation shall remain in full force and effect at all times during which any

18   party to this Stipulation or any person having executed the Acknowledgment described in ¶ 9

19   above retains in his, her, or its possession, custody or control any Confidential Material.

20       14.    Within sixty (60) days after the conclusion of the Action and with notice from the

21   respective producing party, all materials designated as Confidential Material shall be returned to

22   the producing party or shall be destroyed.  Counsel or other affected persons shall provide written

23   confirmation of the materials' destruction.  This provision shall not apply to court filings or file

24   copies of pleadings, briefs or correspondence maintained by the parties' respective counsel in the

25   ordinary course of business.

26       15.    This Stipulation is without prejudice to the right of any party to move the Court for

27   an order for protection of Confidential Material sought by or produced through discovery, which

28   protection is different from or in addition to that provided for in this Stipulation, and such right is

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

- 5 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION
EXHIBIT 5
PAGE 62

1  expressly reserved.  Similarly, each party expressly reserves the right at any time to request the

2  Court to authorize disclosure other than contemplated hereunder of materials subject to this

3  Stipulation.

4       16.     This Stipulation is without prejudice to the right of any party to bring before the

5  Court at any time the question of whether any particular information is or is not relevant to any

6  issue in this litigation, and such right is expressly reserved. Any designation of materials as

7  confidential pursuant to this Stipulation shall not be construed as an admission of relevance.

8

9  Dated: ~~January~~ February 9 , 2007          IRELL & MANELLA LLP

10

11

12                                         By: _____
                                               Julie M. Davis
13                                             Attorneys for Defendant
                                               Taco Bell Corp.

14 Dated: ~~January~~ February 9 , 2007          McINERNEY & JONES

15

16

17                                         By: _____
                                               Charles A. Jones
18                                             Attorneys for Plaintiffs
                                               Puchalski and Chhibber

19

20               CONFIRMING ORDER OF THE COURT

21       Good cause having been demonstrated to the satisfaction of the Court, the foregoing is

22 hereby confirmed as an Order of the Court.

23

24 Dated: __FEB 2 1 2007__ , 2007          **YURI HOFMANN**
                                          _____
25                                        Judge of the Superior Court of the State of
                                          California

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

- 6 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 63

**EXHIBIT A**

<u>CONFIDENTIALITY ACKNOWLEDGMENT</u>

I, _____, hereby acknowledge that: (1) I have read the foregoing Stipulation, dated February _____, 2007 (the "Stipulation"), which I am informed has been executed by the attorneys for the parties in the action presently pending in the Superior Court for the County of San Diego, State of California entitled <u>Puchalski v. Taco Bell Corp.</u>, Case No. GIC 870429; (ii) I understand the terms of the Stipulation; (iii) I agree, upon the potential penalty of contempt and other civil remedies, to be bound by such terms; and (iv) I irrevocably submit my person to the jurisdiction of the Superior Court for the County of San Diego, State of California, for the limited purpose of securing compliance with the terms and conditions of the Stipulation.

Dated: _____    _____

SIGNATURE

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

- 1 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 64

**PROOF OF SERVICE**

F I L E D
Clerk of the Superior Court

FEB 21 2007

BY: S. SEEMATTER

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On February 13, 2007, I served the foregoing document described as **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** on each interested party, as follows:

| | |
|---|---|
| Kevin J. McInerney | Edward J. Wynne |
| Kelly McInerney | J.E.B. Pickett |
| Charles A. Jones | Wynne Law Firm |
| McInerney & Jones | 100 Drakes Landing Road, #275 |
| 18124 Wedge Parkway, #503 | Greenbrae, CA 94904 |
| Reno, NV 89511 | Telephone No.: 415-461-6400 |
| Telephone No.: 775-849-3811 | Facsimile No.: 415-461-3900 |
| Facsimile No.: 775-849-3866 | |
| | Attorneys for Plaintiff Chhibber |
| Attorneys for Plaintiff Puchalski | |
| | |
| Matthew Righetti | Peter F. Klett |
| Righetti Law Firm, P.C. | Stewart Estes & Donnell, PLC |
| 456 Montgomery Street, #1400 | 424 Church Street, #1401 |
| San Francisco, CA 94104 | Nashville, TN 37219 |
| Telephone No: 415-983-0900 | Telephone No.: 615-244-6538 |
| Facsimile No.: 415-397-9005 | Facsimile No.: 615-256-8386 |
| | |
| Attorneys for Plaintiff Puchalski | Attorneys for Plaintiff Chhibber |

[X]  (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on February 13, 2007, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Sarah Jones (s-jones@irell.com)  _____
(Type or print name)                      (Signature)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1604334

- 1 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

EXHIBIT 5
PAGE 65

1

## PROOF OF SERVICE

2       I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within action.  My business address is 840 Newport Center Drive, Suite 400,
3   Newport Beach, California 92660-6324.

4       On March 2, 2007, I served the foregoing document described as **STIPULATION AND
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** on each
5   interested party, as follows:

6   Kevin J. McInerney                          Edward J. Wynne
   Kelly McInerney                            J.E.B. Pickett
7   Charles A. Jones                        Wynne Law Firm
   McInerney & Jones                    100 Drakes Landing Road, #275
8   18124 Wedge Parkway, #503       Greenbrae, CA  94904
   Reno, NV  89511                      Telephone No.: 415-461-6400
9   Telephone No.: 775-849-3811      Facsimile No.: 415-461-3900
   Facsimile No.:  775-849-3866      email: ewynne@wynnelawfirm.com
10  email:  caj@mcinerneylaw.com

11  Attorneys for Plaintiff Puchalski        Attorneys for Plaintiff Chhibber

12  Matthew Righetti                         Peter F. Klett
   Righetti Law Firm, P.C.               Stewart Estes & Donnell, PLC
13  456 Montgomery Street, #1400     424 Church Street, #1401
   San Francisco, CA  94104           Nashville, TN  37219
14  Telephone No: 415-983-0900      Telephone No.: 615-244-6538
   Facsimile No.:  415-397-9005      Facsimile No.: 615-256-8386
15  email:  matt@righettilaw.com        klett@sedlaw.com

16  Attorneys for Plaintiff Puchalski        Attorneys for Plaintiff Chhibber

17

18  [X]     (BY ELECTRONIC MAIL)  I caused the foregoing document to be served
              electronically by electronically  mailing a true and correct copy through Irell &
19                Manella LLP's electronic mail system to the e-mail address(es), as set forth
              above, and the transmission was reported as complete and no error was reported.

20      Executed on March 2, 2007, at Newport Beach, California.

21      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

22

23

24     Sarah Jones (s-jones@irell.com)         _Sarah Jones_
       (Type or print name)                  (Signature)

25

26

27

28

- 1 -

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL
INFORMATION

1559228

EXHIBIT 5
PAGE 66

**EXHIBIT 6**

PAGE 1 OF 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CALENDAR NO. _1_

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT |
|---|---|---|---|---|
| GIC870429 | 08/07/06 | 03/23/07 | 08:30AM | 60 |

COURT USE ONLY

**JUDGE/COMMISSIONER**
HON.   YURI HOFMANN

**CLERK**
D. HOWARD

**REPORTER**
NOT REPORTED
P.O.BOX 120128, SAN DIEGO, CA 92112-0128

CSR #

F I L E D
Clerk of the Superior Court

MAR 2 3 2007

By D. HOWARD, Deputy

**PLAINTIFF/PETITIONER**
MARINA PUCHALSKI

**DEFENDANT/RESPONDENT**
TACO BELL CORP

The above matter came on for hearing with the below appearances for:

## CASE MANAGEMENT CONFERENCE

| ATTORNEY OF RECORD | PHONE | APPEARANCE BY |
|---|---|---|
| CHARLES A JONES (P) | 775-849-3811 | |
| MATTHEW RIGHETTI (P) | 415-983-0900 | |
| EDWARD WYNNE (P) | 415-461-6400 | |

(add'l signatures - use attached sheet)

PURSUANT TO THE STIPULATION SET FORTH BELOW, no procedure or deadline set forth herein may be modified, extended or avoided by stipulation or agreement of the parties unless approved by the court in advance of the date sought to be altered. Counsel acknowledge and memorialize the stipulation set forth below by affixing their signatures hereto.

**IT IS STIPULATED BY THE PARTIES AND ORDERED AS FOLLOWS:**

☐ CASE DEEMED AT ISSUE AND PLACED ON THE CIVIL ACTIVE LIST.  Pursuant to stipulation of the parties, no new parties may be added without leave of court, and all unserved, non-appearing and fictitiously named parties are dismissed.

☐ **JUDICIAL ARBITRATION:**

　☐ NON-BINDING NO LIMIT ARBITRATION.

　☐ ALL PENDING LAW AND MOTION MATTERS, NOT INVOLVING DISCOVERY, ARE VACATED.  You MUST seek the permission of the judge who ordered the case into judicial arbitration to file any motion while the case is in arbitration.

　**PURSUANT TO THE STIPULATION OF THE PARTIES:**

　☐ APPOINTMENT of _____ or _____ (alternate) ARBITRATOR.

　☐ Case is ordered to arbitration for _____ days.

　☐ BINDING ARBITRATION.  The parties stipulate to binding arbitration.  A stipulation with client's signature is to be filed with the Arbitration Department and the arbitrator prior to the arbitration hearing.

　☐ EXCHANGE OF EXPERTS.  The parties stipulate to dispense with the demand requirements of CCP 2034, and agree to exchange experts in accordance with Local Rules, Div. II, Rule 2.26. (All other provisions of CCP 2034 apply).

☐ **MEDIATION:**

　☐ Parties stipulate to participate in the court's new Mediation Program per local rule 2.31.

　　☐ Mediator will be paid by the PARTIES.

　☐ THE PARTIES STIPULATE TO _____ or _____ (alternate) MEDIATOR.

　☐ Case is ordered to mediation for _____ days.

☐ Other orders:

_____

_____

_____

_____

_____

_____

_____

EXHIBIT 6
PAGE 67

NUMBER: GIC870429    DATE OF HEARING: 03/23/07    DEP 50    PAGE 2 OF 2

**TRIAL SETTING:**

☐ TRIAL DATE _____ 06/15/07 _____ at 09:00AM in Dept. **YXH**

ESTIMATED TRIAL LENGTH: _____ day(s)    JURY DEMAND: Plaintiff _____ Defendant _____ Waived _____

☐ TRIAL READINESS CONFERENCE : 05/25/07 _____ at 09:30AM in Dept. **YXH**

☐ SPECIAL SETTLEMENT CONFERENCE: _____ at _____ in Dept. _____

PURSUANT TO THE STIPULATION OF THE PARTIES:

☐ EXCHANGE OF EXPERTS:
The parties stipulate to dispense with the demand requirements of CCP 2034, and agree to exchange experts as follows:
1st exchange:   03/29/07 _____ 2nd exchange:   04/18/07 _____
(All other provisions of CCP 2034 apply).

☐ ALL MOTIONS AND DISCOVERY, including but not limited to experts, judgment on the pleadings, leave to amend and bifurcate must be completed and jury fees posted by: 05/18/07

☐ **TRANSFER TO ANOTHER COURT OR DISTRICT**

☐ Transfer to _____ Court.    ☐ Appeal period waived.

☐ Plaintiff/Defendant is ordered to pay the fees and costs of transfer by _____

☐ Case is reclassified as limited / general jurisdiction.

☐ OSC why case should not be deemed limited / general jurisdiction set on _____

IN ADDITION TO THE ABOVE STIPULATION, IT IS FURTHER ORDERED:

☐ **CONSOLIDATION/SEVERANCE/BIFURCATION**

☐ The case is consolidated with Case Nos. _____ . Lead case: _____

☐ This case is ordered severed/bifurcated as to _____

☐ **FAILURE TO APPEAR**

☐ The Court sets an Order to Show Cause for failing to appear as noticed by the Court for today's proceeding.
The Order to Show Cause is set for _____ at _____ in Dept. _____

☐ **OSC WHY CASE SHOULD NOT BE DISMISSED**

☐ The Order to Show Cause is set for _____ at _____ in Dept. _____

☑ CMC CONTINUED TO: _____ 9-28-07 _____ at 8:30AM in Dept. 60

OTHER: _Class Action Case. Certification motion to be filed by 3-1-08. Cut-off for pre-certification discovery is 7-1-08 pursuant to stipulation of the parties; this cut-off date is ordered without prejudice to be addressed again if necessary._

IT IS SO ORDERED:

Dated: _03/23/07_

_____
JUDGE/COMMISSIONER OF THE SUPERIOR COURT

SDSC CIV-716(Rev. 5-04)    CMC-MINUTES/ORDER OF THE COURT

EXHIBIT 6
PAGE 68

CASE: GIC870429                 ADDITIONAL ATTORNEY LIST                 PAGE 2

| ATTORNEY OF RECORD | PHONE | APPEARANCE BY |
|---|---|---|
| ANDRA B. GREENE (D) | 949-760-0991 | |
| ROSS HYSLOP (D) | 619-595-5400 | |

*Bridgette A. Berry Smith (for Taco Bell Corp.)*
*Jodie M. Davis for Taco Bell Corp.*
*Richard Smith (for Taco Bell)*

EXHIBIT 6
PAGE 69

F I L E D
Clerk of the Superior Court

APR 0 3 2007

APR 2 '07 PM 2:54

BY: S. SEEMATTER

1  Kevin J. McInerney, Esq., SBN 46941
   Kelly McInerney, Esq., SBN 200017
2  Charles A. Jones, Esq., SBN 224915
   MCINERNEY & JONES
3  18124 Wedge Parkway #503
   Reno, NV 89511
4  Telephone:    (775) 849-3811
   Facsimile:    (775) 849-3866
5              Attorneys for Plaintiff Puchalski

6  Edward J. Wynne, Esq., SBN 165819
   J.E.B. Pickett, Esq., SBN 154294
7  WYNNE LAW FIRM
   100 Drakes Landing Road, Suite 275
8  Greenbrae, CA 94904
   Telephone:    (415) 461-6400
9  Facsimile:    (415) 461-3900
          Attorneys for Plaintiff Chhibber
10
   Additional counsel appear on next page
11

12              SUPERIOR COURT OF CALIFORNIA

13                 COUNTY OF SAN DIEGO

14

15

16  MARINA PUCHALSKI and RAJEEV          Case No.: GIC 870429
    CHHIBBER, individually and on behalf of all
17  others similarly situated,           STIPULATION AND [PROPOSED]
                                         ORDER RE: PRODUCTION OF THE
18              Plaintiffs,              NAMES, ADDRESSES AND TELEPHONE
                                         NUMBERS OF PUTATIVE CLASS
19      v.                               MEMBERS

20  TACO BELL CORP., a California        Judge:  Yuri Hofmann
    Corporation, and DOES 1-20, inclusive, Dept:  60
21
              Defendants.
22

23

24

25

26

27

28
                              1
    STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND
              TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

EXHIBIT 7
PAGE 70

1    Matthew Righetti, Esq., SBN 121012
     RIGHETTI LAW FIRM
2    456 Montgomery Street, Suite 1400
     San Francisco, CA 94104
3    Telephone:      (415) 983-0900
     Facsimile:      (415) 397-9005
4    Attorneys for Plaintiff Puchalski

5    Peter F. Klett, Esq., Tenn. Bar No. 12688
     Pro Hac Vice upon motion
6    STEWART, ESTES & DONNELL, PLC
     424 Church Street, Suite 1401
7    Nashville, TN 37219
     Telephone:      (615) 244-6538
8    Facsimile:      (615) 256-8386
     Attorneys for Plaintiff Chhibber

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND
TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

EXHIBIT 7
PAGE 71

1    Plaintiffs, MARINA PUCHALSKI and RAJEEV CHHIBBER, and defendant, TACO

2    BELL CORP., by and through their respective counsel of record, enter into the following

3    stipulation regarding the production of the names, addresses, and telephone numbers of putative

4    class members.

I.

5    **BACKGROUND**

6    1.    This is a wage and hour overtime class action brought pursuant to C.C.P. §382.

7    Plaintiffs allege that they and other similarly situated current and former salaried restaurant

8    managers who worked for defendant Taco Bell Corp., in California from August 7, 2002 have been

9    

10    improperly designated as "exempt" from overtime under California's wage and hour laws.

11    Plaintiffs further allege that they and similarly situated employees worked overtime, yet because of

12    the improper classification, they were all denied overtime pay in violation of California law.[1]

13    2.    Taco Bell Corp., denies plaintiffs' allegations and maintains that this case cannot be

14    prosecuted as a class action.

15    3.    Plaintiffs seek the names, addresses, and last known telephone numbers (hereinafter

16    "identifying contact information") of all putative class members (salaried Restaurant General

17    Managers and salaried Market Training Managers) employed after August 7, 2002 by defendant in

18    

19    the State of California at a corporately-owned Taco Bell restaurant location who resided in

20    California on August 7, 2006.

21    4.    Plaintiffs seek the identifying contact information of putative class members in

22    order to prepare their Motion for Class Certification. Plaintiffs seek to recover unpaid overtime

23    and other monetary relief on behalf of the putative class members. Plaintiffs believe the

24

25

26

27

28

---

[1] In addition to violations of the California Labor Code, plaintiffs allege that defendant's conduct constitutes unfair business practices in violation of California Business and Professions Code §17200, et seq., for which plaintiffs seek restitution and injunctive relief.

3

STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

EXHIBIT 7
PAGE 72

1    identifying contact information is necessary in order to allow plaintiffs to meet their burden of

2    proof with respect to class certification.

3         5.      The parties have executed a Stipulation and Protective Order Regarding

4    Confidential Information, and the Court has entered the Protective Order. The parties stipulate and

5    agree that the putative class members' identifying contact information falls within the purview of

6    the Stipulation and Protective Order Regarding Confidential Information.  As a result, plaintiffs

7    agree not to disclose the putative class members' identifying contact information to any person or

8    entity, other than their counsel and the third-party notice administrator, and further agree to use the

9    information solely for the purpose of prosecuting this action.  Once this case has been resolved, the

10   putative class members' identifying contact information will be destroyed.

11

12                                          II.
13             PROCEDURE FOR THE PRODUCTION OF THE PUTATIVE CLASS MEMBERS
14                          IDENTIFYING CONTACT INFORMATION

15        1.      The parties recognize that the putative class members have an expectation of

16   privacy associated with the production of their identifying contact information to plaintiffs.  In

17   order to ensure that the privacy invasion associated with the production of the putative class

18   members' identifying contact information is minimized, the parties stipulate and agree to a

19   procedure whereby the putative class members will be sent a notice informing them of this action

20   and allowing them to object to the production of their identifying contact information to plaintiffs.

21   Under the proposed procedure, plaintiffs will not be provided with the identifying contact

22   information of any putative class member who objects to the production of his or her identifying

23   contact information or whose notice was returned as undeliverable.

24

25        2.      The parties stipulate and agree to the following procedure concerning the production

26   of the putative class members' identifying contact information:

27

28                                          4
     STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND
                TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

EXHIBIT 7
PAGE 73

a.    Within five (5) days of this Court's order approving the parties' stipulation, defendant will provide an excel spreadsheet to a neutral third-party notice administrator containing the names, addresses, and last known telephone numbers of the putative class members.

b.    Rosenthal & Company will serve as the neutral third-party notice administrator for this procedure.

c.    Within five (5) days of the receipt of the electronic database, Rosenthal & Company will perform an updated address search for each class member using the National Change of Address database and a second commercial database selected by the third-party notice administrator and shall mail a notice (attached as Exhibit A) and postage prepaid postcard (attached as Exhibit B) to the putative class members.  To the extent that the updated address search yields multiple addresses which appear to be current for a putative class member, the third-party notice administrator shall mail a notice to each address.  The notice (Exhibit A) will inform the putative class members that their identifying contact information will be provided to plaintiffs unless they return the postage prepaid postcard ( Exhibit B) within a certain time period.  The notice and postcard will be provided to the putative class members in both English and Spanish.

d.    In order to timely object to the production of their identifying contact information, putative class members must return the postage prepaid postcard (Exhibit B) within twenty-one (21) days from the date the notice (Exhibit A) was postmarked.

d.    Within ten (10) days of the expiration of the twenty-one (21) day period, Rosenthal & Company shall provide plaintiffs with an excel spreadsheet containing the identifying contact information of all putative class members who did not return the exclusion postcard within the applicable time period.  Plaintiffs will not be provided with the identifying contact information of any putative class member who returned the exclusion postcard within the applicable time period or whose notice was returned as undeliverable.  In the event that multiple notices were sent to a

5

STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND
TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

EXHIBIT 7
PAGE 74

putative class member as described in paragraph (c) above, plaintiffs' counsel will not be provided

with the identifying contact information of that putative class member if all notices sent to that

putative class member are returned as undeliverable.

     e.     Within ten (10) days of the expiration of the twenty-one (21) day period, Rosenthal

& Company shall provide counsel for Taco Bell with an electronic database containing the

identifying contact information of all putative class members whose notice was returned as

undeliverable or who returned the exclusion postcard within the applicable time period.

     f.     Both plaintiffs and Taco Bell Corp. agree not to discuss the notice or exclusion

postcard with putative class members or attempt to influence putative class members to respond to

the notice.  Notwithstanding the foregoing, plaintiffs and Taco Bell Corp. can respond to putative

class members' inquiries regarding the notice or exclusion postcard by stating that they cannot

provide additional information or guidance regarding the notice. This provision shall remain in

effect from the date this proposed order is entered by the Court until the expiration of the exclusion

period.

     g.     Nothing in this Stipulation shall prevent Taco Bell from interacting with their

current employees in the normal course of Taco Bell's business.

     h.     The costs of this procedure will be allocated as follows: ¾ to plaintiffs and ¼ to

Taco Bell Corp.

Dated: ~~March~~ April 2, 2007

                                        IRELL & MANELLA LLP

                                        Julie Davis

                                        Attorney for Defendant Taco Bell Corp.

6

STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND
TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

EXHIBIT 7
PAGE 75

1  Dated: March 2?, 2007                    WYNNE LAW FIRM

2

3                                           Edward J. Wynne
                                            Attorneys for Plaintiff Chhibber
4

5  Dated:  March 2?, 2007                   MCINERNEY & JONES

6

7                                           Charles A. Jones              Attorneys
                                            for Plaintiff Puchalski
8

9                              [PROPOSED] ORDER

10      Good cause having been demonstrated to the satisfaction of the Court, and consistent with

11  the California Supreme Court's ruling in Pioneer Electronics (USA), Inc., v. Superior Court, 40 Cal.

12  4th 360 (2007), the foregoing Stipulation Regarding the Production of the names, addresses, and

13
    telephone number of putative class members is hereby approved and confirmed as the Order of the
14

15  Court.

16

17  Dated: March _____, 2007                    YURI HOFMANN
                   APR 0 3 2007
18                                           Judge of the Superior Court of the State of
                                            California
19

20

21

22

23

24

25

26

27

28
                                        7
           STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND
                      TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

EXHIBIT 7
PAGE 76

# EXHIBIT A

EXHIBIT 7
PAGE 77

Dear ____,

In August, 2006, Plaintiffs filed a putative class action complaint against Taco Bell Corp., alleging that Taco Bell improperly classified its salaried Restaurant General Managers and salaried Market Training Managers as exempt from California's overtime pay requirements. Plaintiffs seek to recover unpaid overtime and other relief on behalf of all salaried Restaurant General Managers and Market Training Managers for all hours worked in excess of eight hours (8) per day and forty (40) hours per week from August 7, 2002, forward. Taco Bell vigorously denies that it improperly classified its managers as exempt from overtime and denies that this case can go forward as a class action. **The Court has made no determination regarding the merits of plaintiffs' claims or whether this case can proceed as a class action.**

**Both sides are now in the process of investigating the above claims.** You are receiving this letter because Taco Bell's records indicate that after August 7, 2002 you were employed as either a salaried Restaurant General Manager or salaried Market Training Manager at a corporately-owned Taco Bell restaurant in the state of California and resided in California on August 7, 2006. This notice only concerns whether your name, home address and last known telephone number will be given to plaintiffs. Plaintiffs have requested that your name, address, and telephone number be produced to them in connection with this litigation so that they may contact you to discuss your experiences concerning this case. Plaintiffs have agreed to keep your name, address and telephone number confidential and not to share the information with any other person or entity. To date, your contact information has not been provided to plaintiffs.

It is entirely your decision whether to allow your personal contact information to be produced to plaintiffs. If you do not want this information given to plaintiffs, you must return the postage prepaid postcard by _____. If you return the postcard, your information will not be given to plaintiffs. If you do not return the postcard, your information will be given to plaintiffs.

EXHIBIT *A*

EXHIBIT 7
PAGE 78

# EXHIBIT B

EXHIBIT 7
PAGE 79

I,_____ do not consent to my contact information being disclosed to Plaintiffs.

_____

EXHIBIT _B_

EXHIBIT 7
PAGE 80

F I L E D
Clerk of the Superior Court

APR 0 3 2007

BY: S. SEEMATTER

**PROOF OF SERVICE**

1

2      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400,
3   Newport Beach, California 92660-6324.

4      On April 2, 2007, I served the foregoing document described as **STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND**
5   **TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS** on each interested party, as follows:

6

7                    **SEE ATTACHED SERVICE LIST**

8      [X]      BY MAIL) I placed a true copy of the foregoing document in a sealed envelope
9            addressed to each interested party, as set forth above. I placed each such
            envelope, with postage thereon fully prepaid, for collection and mailing at Irell
10           & Manella LLP, Newport Beach, California. I am readily familiar with Irell &
            Manella LLP's practice for collection and processing of correspondence for
11           mailing with the United States Postal Service. Under that practice, the
            correspondence would be deposited in the United States Postal Service on that
12           same day in the ordinary course of business.

13      Executed on April 2, 2007, at Newport Beach, California.

14      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

16   Sarah Jones (s-jones@irell.com)                    _Sarah Jones_
17        (Type or print name)                              (Signature)

18

19

20

21

22

23

24

25

26

27

28

- 1 -

1559228

EXHIBIT 7
PAGE 81

1  Kevin J. McInerney
   Kelly McInerney
2  Charles A. Jones
   McInerney & Jones
3  18124 Wedge Parkway, #503
   Reno, NV 89511
4  Telephone No.: 775-849-3811
   Facsimile No.: 775-849-3866
5  email: caj@mcinerneylaw.com

6  Attorneys for Plaintiff Puchalski

7  Matthew Righetti
   Righetti Law Firm, P.C.
8  456 Montgomery Street, #1400
   San Francisco, CA 94104
9  Telephone No.: 415-983-0900
   Facsimile No.: 415-397-9005
10 email: matt@righettilaw.com

11 Attorneys for Plaintiff Puchalski

12 Robert S. Brewer, Jr.
   Ross H. Hyslop
13 James A. Tabb
   McKenna Long & Aldridge LLP
14 750 B Street, #3300
   San Diego, CA 92101
15 Telephone No.: 619-595-5461
   Facsimile No.: 619-595-5450
16 email: rbrewer@mckennalong.com
          rhyslop@mckennalong.com
17        jtabb@mckennalong.com

18 Attorneys for Defendant Taco Bell Corp.

Edward J. Wynne
J.E.B. Pickett
Wynne Law Firm
100 Drakes Landing Road, #275
Greenbrae, CA 94904
Telephone No.: 415-461-6400
Facsimile No.: 415-461-3900
email: ewynne@wynnelawfirm.com

Attorneys for Plaintiff Chhibber

Peter F. Klett
Stewart Estes & Donnell, PLC
424 Church Street, #1401
Nashville, TN 37219
Telephone No.: 615-244-6538
Facsimile No.: 615-256-8386
email: klett@sedlaw.com

Attorneys for Plaintiff Chhibber

19

20

21

22

23

24

25

26

27

28

- 2 -

STIP. & [PROP.] ORDER RE: PRODUCTION OF NAMES, ADDRESSES
& TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

1559228

EXHIBIT 7
PAGE 82

**EXHIBIT 8**



1  IRELL & MANELLA LLP
   Layn R. Phillips (103854)
2  Andra Barmash Greene (123931)
   Julie Davis (232488)
3  840 Newport Center Drive, Suite 400
   Newport Beach, California 92660-6324
4  Telephone:   (949) 760-0991
   Facsimile:    (949) 760-5200
5
   Robert S. Brewer, Jr. (65294)
6  Ross H. Hyslop (149358)
   McKenna Long & Aldridge LLP
7  750 B Street, Suite 3300
   San Diego, California 92101-8105
8  Telephone:   (619) 595-5461
   Facsimile:    (619) 595-5450
9
10 Attorneys for Defendant Taco Bell Corp.

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     FOR THE COUNTY OF SAN DIEGO

13 MARINA PUCHALSKI and RAJEEV              ) Case No. GIC 870429
   CHHIBBER, individually and on behalf of all )
14 others similarly situated,                ) Case currently assigned for all purposes to:
                                             ) The Honorable Yuri Hofmann
15             Plaintiffs,                   ) Dept. 60
                                             )
16       vs.                                 )
                                             )     *FILED VIA PDF*
17 TACO BELL CORP., a California             )
   Corporation, and DOES 1-20, inclusive,   ) STIPULATION TO EXTEND THE TIME
18                                           ) FOR TACO BELL TO FILE ITS REPLY
             Defendants.                     ) IN SUPPORT OF ITS MOTION FOR A
19                                           ) PROTECTIVE ORDER

20                                           Date:   November 16, 2007
                                             Time:   10:30 a.m.
21                                           Dept:   60

22                                           Complaint filed:      August 7, 2006
                                             Trial date:           None Set
23
                                             CLASS ACTION LAWSUIT
24

25

26

27

28

FILED
Clerk of the Superior Court
NOV 0 7 2007
BY: S. SEEMATTER

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1776640

STIPULATION TO EXTEND TIME TO FILE REPLY

EXHIBIT 8
PAGE 83

1    Whereas, Plaintiffs have agreed to extend the time for Defendant Taco Bell ("Defendant")

2  to file its reply in support of its motion for a protective order ("Reply") to November 13, 2007;

3    Whereas, Defendant as a result of the date on which the opposition was filed and the

4  upcoming November 12th court holiday would only have two days to prepare its Reply;

5    Whereas, Defendant needs more than two days to prepare its Reply and has agreed to

6  provide Plaintiffs' counsel with an electronic courtesy copy of the Reply by close of business

7  November 13, 2007; and

8    Whereas, Taco Bell's counsel has confirmed with the court clerk that the Court will permit

9  Taco Bell to file its Reply on November 13, 2007.

10    IT IS HEREBY STIPULATED BY PLAINTIFFS AND DEFENDANT, THROUGH

11  THEIR COUNSEL OF RECORD, that:

12    1.    Taco Bell's time to file its reply in support of its motion for a protective order is

13  extended to, and including, November 13, 2007.

14    IT IS SO STIPULATED.

15  Dated: November 6, 2007            IRELL & MANELLA LLP
                                       MCKENNA LONG & ALDRIDGE LLP
16

17                                     By: _____

18                                         Judie M. Davis
                                           Attorneys for Defendant
19                                         Taco Bell Corp.

20  Dated: November 6, 2007            MCINERNEY & JONES

21

22                                     By: _____

23                                         Charles A. Jones
                                           Attorneys for Plaintiff Puchalski
24

25  IT IS SO ORDERED.

26  Dated: ___NOV 0 7 2007___, 2007    _____
                                                 YURI HOFMANN
27                                     Hon. Yuri Hofmann
                                       Superior Court Judge
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1776040

- 1 -
STIPULATION TO EXTEND TIME TO FILE REPLY

EXHIBIT 8
PAGE 84

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On November 6, 2007, I served the foregoing document described as **STIPULATION TO EXTEND THE TIME FOR TACO BELL TO FILE ITS REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER** on each interested party, as follows:

### SEE ATTACHED SERVICE LIST

[X]    (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on November 6, 2007, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Sarah Jones (s-jones@irell.com)          _Sarah Jones_
(Type or print name)                              (Signature)

- 2 -

1776640

EXHIBIT 8
PAGE 85

# SERVICE LIST

## Puchalski/Chhibber v. Taco Bell
### San Diego County Superior Court Case No. GIC 870429

Kevin J. McInerney
Charles A. Jones
McInerney & Jones
18124 Wedge Parkway, #503
Reno, NV 89511
Telephone No.: 775-849-3811
Facsimile No.: 775-849-3866
email: caj@mcinerneylaw.com

Attorneys for Plaintiff Puchalski

Matthew Righetti
Righetti Law Firm, P.C.
456 Montgomery Street, #1400
San Francisco, CA 94104
Telephone No.: 415-983-0900
Facsimile No.: 415-397-9005
email: matt@righettilaw.com

Attorneys for Plaintiff Puchalski

Robert S. Brewer, Jr.
Ross H. Hyslop
McKenna Long & Aldridge LLP
750 B Street, #3300
San Diego, CA 92101
Telephone No.: 619-595-5461
Facsimile No.: 619-595-5450
email: rbrewer@mckennalong.com
        rhyslop@mckennalong.com
        jtabb@mckennalong.com

Attorneys for Defendant Taco Bell Corp.

Edward J. Wynne
J.E.B. Pickett
Wynne Law Firm
100 Drakes Landing Road, #275
Greenbrae, CA 94904
Telephone No.: 415-461-6400
Facsimile No.: 415-461-3900
email: ewynne@wynnelawfirm.com

Attorneys for Plaintiff Chhibber

Peter F. Klett, III
Stewart, Estes & Donnell, PLC
424 Church Street, #1401
Nashville, TN 37219-2392
Telephone No.: 615-244-6538
Facsimile No.: 615-256-8386
email: klett@sedlaw.com

Attorneys for Plaintiff Chhibber

RELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1776640

- 3 -
STIPULATION TO EXTEND TIME TO FILE REPLY

EXHIBIT 8
PAGE 86

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

## MINUTE ORDER

Date: 11/16/2007                    Time: 10:30:00 AM          Dept: C-60

Judicial Officer Presiding:  Judge Yuri Hofmann

Clerk: Sandra Seematter

Bailiff/Court Attendant: Anthony  Quidilla
ERM:

Reporter: Susan J. Platt
Case Init. Date: 08/07/2006
**Case No: GIC870429**                    Case Title: PUCHALSKI vs TACO BELL CORP

Case Category: Civil - Unlimited     Case Type: Other employment

Event Type: Motion Hearing (Civil)
Moving Party: TACO BELL CORP
Causal Document & Date Filed: Motion - Other,  09/07/2007

**Appearances:**

Charles A. Jones appears on behalf of plaintiff.
Julie M. David appears on behalf of defendant.

The Court hears oral argument and takes this matter under submission.

Later, the Court rules as follows:

Defendant's opposed Motion for a Protective Order Regarding Production of and Testimony about Work Performed by Strategic Restaurant Engineering, Inc. ("SRE") is granted.

"The work product rule in California creates for the attorney a qualified privilege against discovery of general work product and an absolute privilege against disclosure of writings containing the attorney's impressions, conclusions, opinions or legal theories." BP Alaska Exploration, Inc. v. Super. Ct. (1988) 199 Cal.App.3d 1240, 1250. "The party claiming the attorney's work-product privilege has the initial burden of establishing that the matter sought to be disclosed comes within the concept of an attorney's work product. But the party seeking disclosure has the burden of establishing that a denial of disclosure will (1) unfairly prejudice him in preparing his claim or defense, or (2) result in an injustice. The judge must weigh the evidence presented to support such a contention against any evidence to support the competing interest of protecting the attorney who claims the privilege for his efforts and industry in trial preparation." Fellows v. Super. Ct. (1980) 108 Cal.App.3d 55, 67.

The Court finds that at the very least Defendant has shown that the matter sought to be disclosed qualifies as qualified or conditional work product. The Court further finds that Plaintiffs have not met their burden of establishing that a denial of disclosure will result in unfair prejudice or result in an injustice. Plaintiffs have provided no evidence regarding the matter contained in the SRE reports while Defendant has provided a declaration stating that SRE observed general managers in San Diego only and that those observations were not meant to be representative of the entire population of California general managers.

Plaintiffs' opposed Motion to Appoint a Discovery Referee is denied.

A discovery referee may be appointed by agreement between the parties. CCP § 638; CRC 3.901(a). A discovery referee may also be appointed on a motion by any party or on the courts own motion where necessary "to hear and determine any and all discovery motions and disputes relevant to discovery in an action and to report findings and make recommendations thereon." CCP 639(a)(5); CRC 3.920(a).

In order to appoint a referee where one party opposes, the appointment must be necessary. CCP 639(a)(5). Blanket orders in routine matters are improper. Hood v. Super. Ct. (1999) 72 Cal.App.4th 446, 449. However, an order will be upheld in unusual matters where most of the following items exist:

**EXHIBIT 9**
**PAGE 87**

Case Title: PUCHALSKI vs TACO BELL CORP

Case No: GIC870429

(1) Multiple issues to be resolved
(2) Multiple motions to be heard simultaneously
(3) Present motion one in continuum of many
(4) Numerous and voluminous documents to be reviewed make the inquiry inordinately time consuming.

Tagares v. Super. Ct. (1998) 62 Cal.App.4th 84, 105.

The court finds that presently the above items do not exist and therefore finds the appointment not necessary. Currently there are three discovery motions on calendar, and all three are going to be heard separately. Further, each motion is based upon disagreements of law which means the Court will have to review the recommendation of the referee as well as any documents. Thus, the appointment of a referee at this time will not save the court time.

IT IS SO ORDERED.

*Yuri Hofmann*

Judicial Officer Presiding:  Judge Yuri Hofmann

**EXHIBIT 10**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6062 | *FOR COURT USE ONLY* |
| PLAINTIFF(S) / PETITIONER(S): MARINA PUCHALSKI et.al. | |
| DEFENDANT(S) / RESPONDENT(S): TACO BELL CORP | |
| PUCHALSKI VS TACO BELL CORP | 10/18/2007 |
| **ORDER TO SHOW CAUSE**<br>**RE SANCTIONS PURSUANT TO CCP 177.5 and/or 575.2** | CASE NUMBER:<br>GIC870429 |

**YOU ARE ORDERED TO APPEAR** in the above noticed court and location for the reason listed below.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| OSC - Other | 11/16/2007 | 10:30 AM | C-60 | Yuri Hofmann |

To show cause why sanctions should not be imposed against you pursuant to CCP 177.5 and/or 575.2 for:

OSC - WHY THE COURT SHOULD NOT APPOINT A DISCOVERY REFEREE


RECEIVED
OCT 2 2007

Dated: 10/18/2007

_____
JUDGE/COMMISSIONER OF THE SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** PUCHALSKI vs TACO BELL CORP

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>GIC870429 |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of ORDER TO SHOW CAUSE RE SANCTIONS PURSUANT TO CCP 177.5 and/or 575.2 was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>10/19/2007</u>.

Clerk of the Court, by: _____ , Deputy

ANDRA B. GREENE
840  NEWPORT CTR DR,#500
NEWPORT BEACH, CA 92660

CHARLES A JONES
18124  WEDGE PARKWAY #503
RENO, NV 89511

EDWARD WYNNE
100  DRAKES LANDING ROAD, SUITE 275
GREENBRAE, CA 94904

MATTHEW RIGHETTI
456  MONTGOMERY ST STE 1400
SAN FRANCISCO, CA 94104

ROSS HYSLOP
750  B STREET #3300
SAN DIEGO, CA 92101

**EXHIBIT 11**

1

2

3    F I      L   E D
     Clerk of the   ... or Court

4    JAN 2 3 2008      JAN 18 '08 PM 4:48

5    By: P. ASHWORTH, Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10   MARINA PUCHALSKI and RAJEEV         )   Case No. GIC 870429
     CHHIBBER, individually and on behalf of all  )
11   others similarly situated,          )   Case currently assigned for all purposes to:
                                          )   The Honorable Yuri Hofmann
12              Plaintiffs,              )   Dept. 60
                                          )
13        vs.                            )   *FILED VIA PDF*
                                          )
14   TACO BELL CORP., a California        )   STIPULATION AND [PROPOSED]
     Corporation, and DOES 1-20, inclusive,  )   ORDER TO PERMIT DEFENDANT
15                                        )   TACO BELL TO FILE SUR-REPLY RE:
                Defendants.               )   PLAINTIFFS' MOTION TO COMPEL
16                                        )   FURTHER RESPONSES TO
                                          )   INTERROGATORY NOS. 53 AND 54,
17                                        )   AND TO ORDER A DATE FOR THE
                                          )   COMPLETION OF DEFENDANT'S
18                                        )   DOCUMENT PRODUCTION
                                          )
19   ─────────────────────────────       )
                                              Date:   January 25, 2008
20                                            Time:   10:30 a.m.
                                              Dept:   60
21
                                              Complaint filed:   August 7, 2006
22                                            Trial date:        None Set

23                                            CLASS ACTION LAWSUIT

24

25

26

27

28

─────────────────────────────────────
              STIPULATION TO FILE SUR-REPLY

EXHIBIT 11
PAGE 91

1       Whereas, the decision in the matter of *Puerto v. Superior Court* (2008) __ Cal. Rptr. 3d __,

2  2008 WL 131989, was issued on January 15, 2008, after Defendant Taco Bell filed its Opposition

3  to Plaintiffs' Motion To Compel Further Responses To Interrogatories No. 53 and 54 And To

4  Order A Date For The Completion of Defendant's Document Production;

5       Whereas, Plaintiffs have agreed to permit Taco Bell to file a Sur-Reply to their Motion To

6  Compel Further Responses To Interrogatories No. 53 And 54 And To Order A Date For The

7  Completion of Defendant's Document Production, provided that the Sur-Reply does not exceed

8  five pages, is limited to issues raised by the *Puerto v. Superior Court* decision, and does not

9  include new evidence with its Sur-Reply.

10     IT IS HEREBY STIPULATED BY PLAINTIFFS AND DEFENDANT, THROUGH

11  THEIR COUNSEL OF RECORD, that:

12     1.     Taco Bell be permitted to file a Sur-Reply to Plaintiffs' Motion To Compel Further

13  Responses To Interrogatories No. 53 And 54 And To Order A Date For The Completion Of

14  Defendant's Document Production.

15     2.     The Sur-Reply will not exceed five pages, will be limited to issues raised by the

16  *Puerto v. Superior Court* decision, and will not include new evidence.

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

1776640

STIPULATION TO FILE SUR-REPLY

EXHIBIT 11
PAGE 92

3.     The Sur-Reply will be filed with the Court by January 23, 2008.

IT IS SO STIPULATED.

Dated:  January 18, 2008

IRELL & MANELLA LLP
MCKENNA LONG & ALDRIDGE LLP

By: _____
Julie M. Davis
Attorneys for Defendant
Taco Bell Corp.

Dated:  January 18, 2008

MCINERNEY & JONES

By: _____
Charles A. Jones
Attorneys for Plaintiff Puchalski

IT IS SO ORDERED.

Dated:  ___JAN 2 3 2008___, 2008

YURI HOFMANN
Hon. Yuri Hofmann
Superior Court Judge

- 2 -
STIPULATION TO FILE SUR-REPLY

1776640

EXHIBIT 11
PAGE 93

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On January 18, 2008, I served the foregoing document described as **STIPULATION TO PERMIT DEFENDANT TACO BELL TO FILE SUR-REPLY RE: PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY NOS. 53 AND 54, AND TO ORDER A DATE FOR THE COMPLETION OF DEFENDANT'S DOCUMENT PRODUCTION** on each interested party, as follows:

### SEE ATTACHED SERVICE LIST

[X]     (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on January 18, 2008, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Sarah Jones (s-jones@irell.com) | *Sarah Jones* |
| (Type or print name) | (Signature) |

- 3 -
STIPULATION TO FILE SUR-REPLY

1776640

EXHIBIT 11
PAGE 94

**SERVICE LIST**

Puchalski/Chhibber v. Taco Bell
San Diego County Superior Court Case No. GIC 870429

Kevin J. McInerney
Charles A. Jones
McInerney & Jones
18124 Wedge Parkway, #503
Reno, NV 89511
Telephone No.: 775-849-3811
Facsimile No.: 775-849-3866
email: caj@mcinerneylaw.com

Attorneys for Plaintiff Puchalski

Matthew Righetti
Righetti Law Firm, P.C.
456 Montgomery Street, #1400
San Francisco, CA 94104
Telephone No.: 415-983-0900
Facsimile No.: 415-397-9005
email: matt@righettilaw.com

Attorneys for Plaintiff Puchalski

Robert S. Brewer, Jr.
Ross H. Hyslop
McKenna Long & Aldridge LLP
750 B Street, #3300
San Diego, CA 92101
Telephone No.: 619-595-5461
Facsimile No.: 619-595-5450
email: rbrewer@mckennalong.com
        rhyslop@mckennalong.com
        jtabb@mckennalong.com

Attorneys for Defendant Taco Bell Corp.

Edward J. Wynne
J.E.B. Pickett
Wynne Law Firm
100 Drakes Landing Road, #275
Greenbrae, CA 94904
Telephone No.: 415-461-6400
Facsimile No.: 415-461-3900
email: ewynne@wynnelawfirm.com

Attorneys for Plaintiff Chhibber

Peter F. Klett, III
Stewart, Estes & Donnell, PLC
424 Church Street, #1401
Nashville, TN 37219-2392
Telephone No.: 615-244-6538
Facsimile No.: 615-256-8386
email: klett@sedlaw.com

Attorneys for Plaintiff Chhibber

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1776540

- 4 -
STIPULATION TO FILE SUR-REPLY

EXHIBIT 11
PAGE 95

1    IRELL & MANELLA LLP
     Layn R. Phillips (103854)
2    Andra Barmash Greene (123931)
     Julie Davis (232488)
3    840 Newport Center Drive, Suite 400
     Newport Beach, California 92660-6324
4    Telephone:   (949) 760-0991
     Facsimile:    (949) 760-5200
5

6    Robert S. Brewer, Jr. (65294)
     Ross H. Hyslop (149358)
     McKenna Long & Aldridge LLP
7    750 B Street, Suite 3300
     San Diego, California 92101-8105
8    Telephone:   (619) 595-5461
     Facsimile:    (619) 595-5450
9

10    Attorneys for Defendant Taco Bell Corp.

F I L E D
Clerk of the Superior Court

JAN 2 9 2008

By: P. ASHWORTH, Deputy

11        SUPERIOR COURT OF THE STATE OF CALIFORNIA

12            FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| 13   MARINA PUCHALSKI and RAJEEV<br>     CHHIBBER, individually and on behalf of all<br>14   others similarly situated,<br>15           Plaintiffs,<br>16      vs.<br>17   TACO BELL CORP., a California<br>     Corporation, and DOES 1-20, inclusive,<br>18<br>          Defendants.<br>19 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

13 Case No. GIC 870429

Case currently assigned for all purposes to:
The Honorable Yuri Hofmann
Dept. 60

*FILED VIA PDF*

**STIPULATION AND [PROPOSED]
ORDER APPOINTING THE HON.
RICHARD C. NEAL (RET.) AS
DISCOVERY REFEREE**

Complaint filed:    August 7, 2006
Trial date:        None Set

**CLASS ACTION LAWSUIT**

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1810314

          STIPULATION RE: DISCOVERY REFEREE

EXHIBIT 12
PAGE 96

1      Whereas, this Court ordered the counsel for Plaintiffs Rajeev Chhibber and Marina

2  Puchalski ("Plaintiffs") and Defendant Taco Bell Corp. ("Defendant") to meet and confer to

3  further discuss the appointment of a discovery referee in the above-captioned matter;

4      Whereas, counsel for the Parties have met and conferred as ordered by the Court;

5      Whereas Plaintiffs suggested that the Hon. Richard C. Neal (Ret.) be appointed as the

6  discovery referee for all purposes in this matter;

7      Whereas Defendant has agreed to the appointment of the Hon. Richard C. Neal (Ret.) as

8  the all purpose discovery referee in this matter; and

9      Whereas Plaintiffs and Defendant have each agreed to pay fifty percent (50%) of any fees

10  and costs charged by the discovery referee.

11      IT IS HEREBY STIPULATED BY PLAINTIFFS AND DEFENDANT, THROUGH

12  THEIR COUNSEL OF RECORD, that:

13      1.      Plaintiffs Rajeev Chhibber and Marina Puchalski and Defendant Taco Bell Corp.

14  hereby agree, pursuant to Section 638 of the California Code of Civil Procedure, to the

15  appointment of a discovery referee.

16      2.      Plaintiffs and Defendant agree that the Hon. Richard C. Neal (Ret.) be appointed as

17  the discovery referee for all purposes in the matter of Puchalski v. Taco Bell Corp., San Diego

18  County Superior Court Case No. GIC 870429.

19      3.      All discovery motions currently on this Court's calendar shall be continued and

20  heard by the Hon. Richard C. Neal, as soon as the referee's schedule permits.

21      4.      Plaintiffs will be responsible for and shall pay fifty percent (50%) of all fees and

22  costs charged by the Hon. Richard C. Neal (Ret.) in conjunction with him serving as the discovery

23  referee in this matter.

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1810314

- 1 -
STIPULATION RE: DISCOVERY REFEREE

EXHIBIT 12
PAGE 97

1       5.    Defendant will be responsible for and shall pay fifty percent (50%) of all fees and

2   costs charged by the Hon. Richard C. Neal (Ret.) in conjunction with him serving as the discovery

3   referee in this matter.

4       6.    The parties agree that the discovery referee shall have the ability to award

5   attorneys' fees and cost to the prevailing party on a discovery motion for the attorneys' fees and

6   costs incurred in connection with the discovery motion, upon a finding that the discovery motion

7   or opposition thereto was not brought in good faith.

8       IT IS SO STIPULATED.

9   Dated:  January 29, 2008            IRELL & MANELLA LLP

10                                   MCKENNA LONG & ALDRIDGE LLP

11

12                           By:  _____

                               Julie M. Davis

13                                 Attorneys for Defendant

                               Taco Bell Corp.

14  Dated:  January 29, 2008            MCINERNEY & JONES

15

16

17                           By:  _____

                               Charles A. Jones

                               Attorneys for Plaintiff Puchalski

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1810314

- 2 -

STIPULATION RE: DISCOVERY REFEREE

EXHIBIT 12
PAGE 98

**[PROPOSED] ORDER**

1         Based on the foregoing Stipulation by the Parties and for good cause appearing, it is

2 HEREBY ORDERED as follows:

3         1.      The Hon. Richard C. Neal (Ret.) is hereby appointed as the discovery referee for all

4 purposes in the matter of Puchalski v. Taco Bell Corp., San Diego County Superior Court Case

5 No. GIC 870429. The business address of the Hon. Richard C. Neal is a follows: 707 Wilshire

6 Blvd., 46th Floor, Los Angeles, CA 90017, and his business phone number is 213-620-1133. The

7 Hon. Richard C. Neal is an active member of the California State Bar and his bar number is

8 57882.

9         2.      All discovery motions currently pending before this Court's calendar shall be

10 continued and heard by the Hon. Richard C. Neal.

11         3.      Plaintiffs shall pay fifty percent (50%) of all fees and costs charged by the Hon.

12 Richard C. Neal (Ret.) in conjunction with him serving as the discovery referee in this matter.

13         4.      Defendant shall pay fifty percent (50%) of all fees and costs charged by the Hon.

14 Richard C. Neal (Ret.) in conjunction with him serving as the discovery referee in this matter.

15         5.      The discovery referee shall have the ability to award attorneys' fees and cost to the

16 prevailing party on a discovery motion for the attorneys' fees and costs incurred in connection with

17 the discovery motion, upon a finding that the discovery motion or opposition thereto was not

18 brought in good faith.

19         6.      The parties shall file a referee's certification as required by Rule 3.904(a) of the

20 California Rules of Court.

21         6.      Counsel are to contact JAMS at 707 Wilshire Blvd., 46th Floor, Los Angeles, CA

22 90017, phone number 213-620-1133 to arrange for attendance at any discovery proceeding before

23 the Hon. Richard C. Neal (Ret.).

24         IT IS SO ORDERED.

25

26 Dated:    JAN 3 0 2008                      **YURI HOFMANN**

27                          ,2008            Hon. Yuri Hofmann
                                          San Diego County Superior Court Judge

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1810314

- 3 -

STIPULATION RE: DISCOVERY REFEREE

EXHIBIT 12
PAGE 99

### PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On January 29, 2008, I served the foregoing document described as **STIPULATION AND [PROPOSED] ORDER APPOINTING THE HON. RICHARD C. NEAL (RET.) AS DISCOVERY REFEREE** on each interested party, as follows:

### SEE ATTACHED SERVICE LIST

[X]  (BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as set forth above, and the transmission was reported as complete and no error was reported.

[X]  (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on January 29, 2008, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
Sarah Jones (s-jones@irell.com)                         Sarah Jones
        (Type or print name)                                     (Signature)

1810314

- 4 -

STIPULATION RE: DISCOVERY REFEREE

EXHIBIT 12
PAGE 100

**SERVICE LIST**

**Puchalski/Chhibber v. Taco Bell**
**San Diego County Superior Court Case No. GIC 870429**

| | |
|---|---|
| Kevin J. McInerney | Edward J. Wynne |
| Charles A. Jones | J.E.B. Pickett |
| McInerney & Jones | Wynne Law Firm |
| 18124 Wedge Parkway, #503 | 100 Drakes Landing Road, #275 |
| Reno, NV 89511 | Greenbrae, CA 94904 |
| Telephone No.: 775-849-3811 | Telephone No.: 415-461-6400 |
| Facsimile No.: 775-849-3866 | Facsimile No.: 415-461-3900 |
| email: caj@mcinerneylaw.com | email: ewynne@wynnelawfirm.com |
| | |
| Attorneys for Plaintiff Puchalski | Attorneys for Plaintiff Chhibber |
| | |
| Matthew Righetti | Peter F. Klett, III |
| Righetti Law Firm, P.C. | Stewart, Estes & Donnell, PLC |
| 456 Montgomery Street, #1400 | 424 Church Street, #1401 |
| San Francisco, CA 94104 | Nashville, TN 37219-2392 |
| Telephone No.: 415-983-0900 | Telephone No.: 615-244-6538 |
| Facsimile No.: 415-397-9005 | Facsimile No.: 615-256-8386 |
| email: matt@righettilaw.com | email: klett@sedlaw.com |
| | |
| Attorneys for Plaintiff Puchalski | Attorneys for Plaintiff Chhibber |

Robert S. Brewer, Jr.
Ross H. Hyslop
McKenna Long & Aldridge LLP
750 B Street, #3300
San Diego, CA 92101
Telephone No.: 619-595-5461
Facsimile No.: 619-595-5450
email: rbrewer@mckennalong.com
       rhyslop@mckennalong.com
       jtabb@mckennalong.com

Attorneys for Defendant Taco Bell Corp.

RELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1810314

- 5 -
STIPULATION RE: DISCOVERY REFEREE

EXHIBIT 12
PAGE 101

**EXHIBIT 13**

1  Hon. Richard C. Neal (Ret)
   JAMS
2  707 Wilshire Blvd 46th Flr
   Los Angeles CA 90017
3  213 620 1133

4

5                    SUPERIOR COURT OF CALIFORNIA

6                        SAN DIEGO COUNTY

7                    (JAMS Case No. 1220037963)

8

9  MARINA PUCHALSKI  and          Case No. RCV 073523
                                  REPORT AND RECOMMENDATION NO. 1
10 RAJEEV CHIBBER, individually   OF DISCOVERY REFEREE; AND
                                  [PROPOSED] ORDER
11 and on behalf of others

12 similarly situated,

13          Plaintiffs,

14          versus

15 TACO BELL,

16          Defendant.

17

18

19

20        The undersigned is the discovery referee in this matter.  The case is a putative class

21 action brought by named plaintiffs Marina Puchalski and Rajeev Chhibber, on behalf of

22 themselves and a putative class of co workers of defendant Taco Bell.  They allege, inter alia,

23 that Taco Bell improperly classified them as 'managers' and failed to pay them legally required

24 overtime pay.

25

1       Plaintiff Chhibber brought a motion to quash a subpoena which Taco Bell directed to an

2  agent who represents Chhibber in securing work as an actor.  Taco Bell moved to compel

3  Chhibber to respond to interrogatories seeking information about Chhibber's work as an actor.

4  Briefs and related materials were filed supporting and opposing the motions, and oral arguments

5  were had by phone April 10, 2008, Peter Klett appearing for Mr. Chhibber, and Julie Davis and

6  Aaron Cole appearing for Taco Bell.

7       This Report was circulated to counsel in tentative form before the hearing and has been

8  modified as a result of oral argument.

9       The referee's reasons, report and recommended order are as follows.

10       The first amended complaint alleges that Chhibber and fellow class members typically

11  worked five to six days per week and generally averaged fifty or more hours per week, and that

12  they are routinely required to work in excess of eight hours a day and forty hours a week without

13  receiving overtime compensation.

14       Mr. Chhibber is an aspiring actor.  Taco Bell offers a declaration relating statements from

15  an anonymous co-worker who asserts that Chhibber was only working 35 hours per week and

16  was "taking this time to be a movie star."  During a recent two day deposition Chhibber was

17  examined extensively about his acting work.  The interrogatories in question on this motion seek

18  further details and backup documentation concerning the time Chhibber spent acting and

19  amounts of compensation he received, and the subpoena seeks records relating to acting

20  employment and auditions from Chhibber's acting agent.

21       Discovery in the action is limited for the present to issues relevant for class certification.

22  The class discovery cut off is June 2, 2008.

23       Plaintiffs argue that Chhibber's acting work is irrelevant to his claims, and that the

24  records of his acting employment are shielded by his constitutional right of privacy.  A concern

25  is expressed that Chhibber's agent will look unfavorably upon the fact that Chhibber is the named

EXHIBIT 13
PAGE 103

1    plaintiff in a suit against his employer. Chhibber also points out that Taco Bell's own guidelines

2    established an expectation that Chhibber work at least 50 hours a week, and that it is unlikely his

3    failure to meet this expectation would have passed unnoticed in his performance evaluations over

4    the years he has been employed. This is fairly compelling, but not necessarily dispositive. Taco

5    Bell points out that Chhibber wrote his own work schedule.

6         **Recommended Ruling.** The motion to compel responses to interrogatories should be

7    granted. Ruling on the motion to quash should be deferred pending Taco Bell's receipt and

8    review of the interrogatory responses.

9         Before a court can certify a class action it must find, among other things, that the named

10   plaintiff has claims that are typical of the class members' claims, and that he can adequately

11   represent the interests of the class. If Chhibber has been so busy acting or pursuing acting work

12   that he hasn't worked significant overtime, then his claims arguably aren't typical of the class,

13   and he may not be an adequate class representative. Thus the information sought by both the

14   interrogatories and the subpoena is potentially relevant to class issues and is reasonably

15   calculated to lead to admissible evidence. The referee is skeptical, based on the evidence

16   presented in connection with the motions, that Mr. Chhibber has done so much acting as to

17   preclude overtime work. But, Taco Bell is entitled under our broad discovery standard to make

18   the inquiry and get such evidence as exists.

19        Mr. Chhibber should be ordered to respond to the special interrogatories by April 24,

20   2008. Production pursuant to the subpoenas should be deferred pending receipt and review by

21   Taco Bell of the interrogatory responses. Plaintiffs' counsel shall fax or email the responses to

22   defense counsel by close of business on the 24th. A further phone conference is scheduled with

23   the referee for April 29, 2008, 8:30 am, to discuss the next steps. Taco Bell shall not serve

24   additional subpoenas upon Mr. Chhibber's agent or other employers unless and until authorized

25   during or following the April 29th conference.

Apr. 11. 2008  8:55AM   JAMS Los Angeles RSA area                    No. 6056   P. 5/5

1   The Case Manager, Christy Arceo, is requested to transmit this report to counsel and to

2 the clerk for Judge Hoffman.

3         Dated:  April 10, 2008

4         By: _Richard C Neal_

5         Hon, Richard C. Neal (Ret.),

6         Referee

**IT IS SO ORDERED.**

7

8         Dated: _____, 2008

9         By: _____

10         Hon. Yuri Hoffman, Judge

11         of the Superior Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 13
PAGE 105

Referee's Report and Recommendation No. 1- (4-10-08) --p. 4

F I L E D
Clerk of the Superior Court

MAY 3 0 2008

By: F. Jennings, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MARINA PUCHALSKI and RAJEEV CHHIBBER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>TACO BELL CORP., a California Corporation, and DOES 1-20, inclusive,<br><br>      Defendants. | Case No. GIC 870429<br><br>Case currently assigned for all purposes to:<br>The Honorable Yuri Hofmann<br>Dept. 60<br><br>***FILED VIA PDF***<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING LIMITED EXTENSION OF CLASS CERTIFICATION DISCOVERY CUT-OFF AND CLASS CERTIFICATION BRIEFING SCHEDULE**<br><br>Complaint filed:   August 7, 2006<br>Trial date:       None Set<br><br>**CLASS ACTION LAWSUIT** |

COPY

1875002

STIPULATION AND [PROPOSED] ORDER RE: CLASS CERTIFICATION

EXHIBIT 14
PAGE 106

1   Whereas, Plaintiffs and Defendant have attempted at length and for sometime to resolve all

2   outstanding discovery issues prior to the June 2, 2008 class certification discovery cut-off but have

3   been unable to do so because of the unavailability of this case's Discovery Referee.

4   ACCORDINGLY, IT IS HEREBY STIPULATED BY AND BETWEEN PLAINTIFFS

5   AND DEFENDANT, THROUGH THEIR COUNSEL OF RECORD, that:

6   1.   The class certification discovery cut-off date for the following issues will be

7   extended to July 1, 2008:

8   (A)   Deposition of Bridgette Berry-Smith, to which Defendant has objected and filed a

9   Motion for a Protective Order;

10   (B)   Deposition of Marcos Gamez, to which Defendant has objected and filed a Motion

11   for a Protective Order;

12   (C)   Person Most Knowledgeable Deposition With Document Request regarding Job

13   Analysis document (Bates Nos. TB224423-TB224432), about which Plaintiffs have filed a Motion

14   to Compel;

15   (D)   Plaintiff Chhibber's Responses to Taco Bell's Special Interrogatory Nos. 14, 16 &

16   18, for which Defendant Moved to Compel Further Responses;

17   (E)   Defendant's Responses to Plaintiffs' Special Interrogatory Nos. 20 & 36, for which

18   Plaintiffs Moved to Compel Further Response;

19   (F)   Person Most Knowledgeable Deposition regarding look up tables, to which

20   Defendant has agreed to produce a witness;

21   (G)   Person Most Knowledgeable Deposition With Document Request regarding work

22   tasks associated with Hours Allowed Report; and

23   (H)   Defendant's Response to Plaintiff's Request for Production No. 57, for which

24   Plaintiffs will Move to Compel.

25   All other class certification discovery, except as described in paragraphs 4 & 6, below, shall be

26   concluded as of June 2, 2008.

27   2.   Plaintiffs shall file their motion for class certification ("Certification Motion") by

28   August 1, 2008.

- 1 -

1875002

STIPULATION AND [PROPOSED] ORDER RE: CLASS CERTIFICATION

EXHIBIT 14
PAGE 107

1    3.    Defendant shall file its opposition to the Certification Motion ("Opposition") within

2    60 calendar days of receiving the Certification Motion.

3    4.    Defendant shall be permitted to take discovery regarding any new evidence

4    including, without limitation, depositions of declarants and experts, who submit testimony in

5    support of the Certification Motion.  Depositions of fact witnesses shall be limited to 3 hours each.

6    5.    Plaintiffs shall file their reply to the Opposition ("Reply") within 60 calendar days

7    of receiving the Opposition.

8    6.    Plaintiffs shall be able to take discovery regarding any new evidence including,

9    without limitation, depositions of declarants and experts, who submit testimony in support of the

10   Reply.  Depositions of fact witnesses shall be limited to 3 hours each.

11       IT IS SO STIPULATED.

12   Dated:  May 30, 2008                     IRELL & MANELLA LLP
                                              MCKENNA LONG & ALDRIDGE LLP
13

14

15                                           By: _____
                                                 Julie M. Davis
16                                               Attorneys for Defendant
                                                 Taco Bell Corp.
17   Dated:  May 30, 2008                     MCINERNEY & JONES

18

19

20                                           By: _____
                                                 Charles A. Jones
21                                               Attorneys for Plaintiff Puchalski

22       IT IS SO ORDERED.

23                 MAY 3 0 2008
                                                   YURI HOFMANN
24   Dated: _____, 2008        _____

25                                           Hon. Yuri Hofmann
                                             San Diego County Superior Court Judge
26

27

28

                                          - 2 -

1875002              STIPULATION AND [PROPOSED] ORDER RE: CLASS CERTIFICATION

EXHIBIT 14
PAGE 108

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On May 30, 2008, I served the foregoing document described as **STIPULATION AND [PROPOSED] ORDER REGARDING DISCLOSURE OF AREA AND MARKET COACHES' CONTACT INFORMATION AND SETTING DOCUMENT PRODUCTION DEADLINE** on each interested party, as follows:

### SEE ATTACHED SERVICE LIST

[X]      (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California.  I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on May 30, 2008, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Sarah Jones (s-jones@irell.com)
(Type or print name)

_Sarah Jones_
(Signature)

## SERVICE LIST

### Puchalski/Chhibber v. Taco Bell
### San Diego County Superior Court Case No. GIC 870429

Kevin J. McInerney
Charles A. Jones
McInerney & Jones
18124 Wedge Parkway, #503
Reno, NV 89511
Telephone No.: 775-849-3811
Facsimile No.: 775-849-3866
email: caj@mcinerneylaw.net

Attorneys for Plaintiff Puchalski

Matthew Righetti
Righetti Law Firm, P.C.
456 Montgomery Street, #1400
San Francisco, CA 94104
Telephone No.: 415-983-0900
Facsimile No.: 415-397-9005
email: matt@righettilaw.com

Attorneys for Plaintiff Puchalski

Robert S. Brewer, Jr.
Ross H. Hyslop
McKenna Long & Aldridge LLP
750 B Street, #3300
San Diego, CA 92101
Telephone No.: 619-595-5461
Facsimile No.: 619-595-5450
email: rbrewer@mckennalong.com
        rhyslop@mckennalong.com
        jtabb@mckennalong.com

Attorneys for Defendant Taco Bell Corp.

Edward J. Wynne
J.E.B. Pickett
Wynne Law Firm
100 Drakes Landing Road, #275
Greenbrae, CA 94904
Telephone No.: 415-461-6400
Facsimile No.: 415-461-3900
email: ewynne@wynnelawfirm.com

Attorneys for Plaintiff Chhibber

Peter F. Klett, III
Stewart, Estes & Donnell, PLC
424 Church Street, #1401
Nashville, TN 37219-2392
Telephone No.: 615-244-6538
Facsimile No.: 615-256-8386
email: klett@sedlaw.com

Attorneys for Plaintiff Chhibber

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1875002

- 4 -