UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA PUCHALSKI and RAJEEV CHHIBBER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TACO BELL CORP., a California Corporation, and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. 08cv1596-L (CAB)<br><br>[~~PROPOSED~~] ORDER REGARDING JOINT MOTION BY PLAINTIFFS AND DEFENDANTS TO VACATE BRIEFING SCHEDULE, PROVIDE LIMITED JURISDICTIONAL DISCOVERY, AND VACATING EARLY NEUTRAL EVALUATION CONFERENCE AND SETTING TELEPHONIC STATUS CONFERENCE<br>[Doc. No. 8] |

<u>PROPOSED CLASS ACTION</u>

Having considered Defendant Taco Bell Corp.'s ("Taco Bell") and Plaintiffs Marina Puchalski's and Rajeev Chhibber's (collectively "Plaintiffs") Joint Motion to Vacate Briefing Schedule and Provide Limited Jurisdictional Discovery (the "Joint Motion," Doc. No. 8), and good cause appearing therefor, the parties' Joint Motion is hereby **GRANTED IN PART**.

The Court **ORDERS** the following:

1. The briefing schedule for Plaintiffs' Motion for Class Certification set forth in the State Court Order shall be vacated. A new briefing schedule shall be set within five (5) court days of the Court's ruling on Plaintiffs' motion to remand.

2. The Early Neutral Evaluation Conference (ENE), presently scheduled to take place on October 15, 2008, shall be vacated and reset as a status conference. Therefore, on **October 15, 2008**, at **2:00 p.m.**, there will be a telephonic, attorneys-only, status conference before Magistrate Judge Cathy Ann Bencivengo. Counsel for defendant shall coordinate and initiate the conference call.

3. Upon the entry of the Court's order on this joint motion, Plaintiffs shall promptly provide Taco Bell with a copy of the excel spreadsheet containing identifying contact information for putative class members that Plaintiffs received from third-party administrator Rosenthal & Co. ("Rosenthal") under the opt-out procedure set forth in the April 3, 2007 Stipulation and Order Re: Production of the Names, Addresses and Telephone Numbers of the Putative Class Members ("Opt-Out Procedure"). If Plaintiffs have identifying contact information for any putative class member identified in the excel spreadsheet that is different from the contact information listed in the spreadsheet, Plaintiffs shall promptly provide the different identifying contact information to Taco Bell.

4. Upon the entry of the Court's order on this joint motion, Plaintiffs may request that Rosenthal perform an updated address search for each putative class member whose information was previously provided by Taco Bell to Rosenthal under the Opt-Out Procedure.

    a. For each individual who (1) returned the exclusion postcard within the applicable time period under the Opt-Out Procedure or (2) whose notices under the Opt-Out Procedure were returned as undeliverable, Rosenthal shall not provide the parties with any identifying contact information. Rosenthal shall assign each such individual a unique control number. Taco Bell shall provide Rosenthal with the name of each such individual that was employed by Taco Bell in California as of August, 2008. Rosenthal shall provide both Plaintiffs and Taco Bell with an excel spreadsheet identifying by control number: (1) the state or states of each mailing address for the individual that Rosenthal identified under the Opt-Out Procedure; (2) the state or states of each mailing address for the individual that Rosenthal identifies through any updated address search; and (3) whether the individual was employed by Taco Bell in California as of August 2008.

    b. For individuals other than those identified in ¶ 4(a), Rosenthal shall provide both Plaintiffs and Taco Bell with an excel spreadsheet containing the address or addresses it obtains as a result of any updated address search.

5. Upon the entry of the Court's order on this joint motion, Taco Bell shall promptly provide Rosenthal with an excel spreadsheet containing the names and last known addresses of salaried Restaurant General Managers and salaried Market Training Managers whose information was not provided by Taco Bell to Rosenthal under the Opt-Out Procedure because their last known mailing address was not within the State of California. Taco Bell will also state in the excel spreadsheet which individuals, if any, identified therein were employed by Taco Bell in California as of August, 2008. Rosenthal shall not provide the parties with any identifying contact information concerning such individuals. Rosenthal shall assign each such individual a unique control number and provide both Plaintiffs and Taco Bell with an excel spreadsheet identifying by control number: (1) the state of the mailing address for the individual that Taco Bell provided to Rosenthal; (2) the state or

states of each mailing address for the individual that Rosenthal identifies through its updated address search; and (3) whether the individual was employed by Taco Bell in California as of August, 2008.

6. The costs for Rosenthal's performance of the procedures identified herein shall be allocated to the Plaintiffs.

7. The parties' use of the information obtained from Rosenthal under the Court's order shall be subject to the limitations and protections set forth in the Stipulation and Order Re: Production of the Names, Addresses and Telephone Numbers of the Putative Class Members.

8. Upon the entry of the Court's order on this joint motion, Taco Bell shall promptly provide to Plaintiffs in writing the number and percentage of putative class members, defined as Restaurant General Managers and salaried Market Training Managers who were employed by Taco Bell in the State of California at corporately owned Taco Bell restaurant locations at any time between August 7, 2002 and the date Taco Bell reclassified them as non-exempt employees, that were employed by Taco Bell in California as of August, 2008. Taco Bell will also provide to Plaintiffs a list of the names of individuals (1) whose identifying contact information was provided to Plaintiffs under the Opt-Out Procedure and (2) who were employed by Taco Bell in California as of August, 2008.

9. Plaintiffs' motion for remand shall be due within fourteen (14) days of the entry of the Court's order on this joint motion. The opposition and reply papers shall be due in accordance with the applicable rules, except that either party may seek additional time for further limited discovery if necessary.

**IT IS SO ORDERED**.

Dated: September 22, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge